## DYER WATERMAN v. THE CONNECTICUT AND PASSUMPSIC RIVERS RAILROAD COMPANY.

### Practice. Reference. Railroad.

When a pending action is submitted to a referee, and the submission is made a rule of court, the plaintiff must still proceed for the same substantial cause of action, named in his declaration.

But all questions affecting the mere form of the suit, and all questions of variance, merely, between the declaration and proof, are considered as waived by the reference, provided it fully appears that the matter set up as the plaintiff's ground of recovery before the referee, is the same real cause of action for which the suit was brought.

Every matter, which by the rules of law could properly have been introduced by way of amendment to the declaration, will be considered as having been added, or its absence waived, or cured, by the reference.

When the land of the plaintiff was taken by a railroad company for railroad purposes, all his damages by reason of the location of the railway on his premises were duly appraised and awarded to him by commissioners appointed for that purpose.

*Held,* that the damages contemplated by this award were only those which the plaintiff would suffer by the construction, maintenance and use of the railroad in a prudent reasonable manner; and that the award constituted no bar to an action on the case against the company for damages to the plaintiff occasioned by a neglect of prudent and reasonable care in the maintenance and management of their road.

A railroad company may, as a question of prudence and care, as well be required to have regard to the prevention of damage to a land owner, by the accumulation of *surface water* merely as by a running stream, when the geographical formation and surrounding circumstances are such as to show that such precautions are necessary, and, ordinarily, what is a reasonable performance of their duty in this respect is a question of fact and not of law.

CASE for obstructing a water-course upon the plaintiff's farm. The declaration set forth the location and building of the defendants' railway across the plaintiff's farm, and alleged that thereby the defendants wholly obstructed a *water-course* thereon, and prevented its running in its natural channel, and turned the same upon the plaintiff's meadow, whereby his land was gullied out, and his aqueducts, conveying water to his house, injured, etc., etc.

The case was referred, and the referee reported the following facts:

In 1847, the defendants located and built their railway through the plaintiff's farm, constructing it the whole distance on the old highway leading up and down the Connecticut River, upon the east side of which the plaintiff's house and barns were situated. The construction of the railway over this highway rendered another highway necessary, which the defendants laid upon the plaintiff's farm, immediately west of, and adjoining the old road. The land upon the west side of the highway was much higher than upon the east side, and the water occasioned by rains and thaws, was accustomed to run from this high land down on to the west side of the old highway, where a large ditch was always maintained before the new highway was built, through which the water ran southerly on the west side of the highway to a brook a few rods south of the plaintiff's house, where it crossed the highway. When the railway was located, the plaintiff's house and barns were supplied with water brought in a wooden aqueduct from the high land west of the road. This aqueduct crossed the old highway just south of the plaintiff's house, and about two rods south of this point the land descended abruptly, but no water had usually run over the ground in front of the plaintiff's house, where this aqueduct crossed from the railroad track to the plaintiff's buildings.

The commissioners appointed to appraise the land damages on the line of the defendants' railroad, awarded to the plaintiff, at the time of the location of the railway, the sum of three hundred and eighty-three dollars and sixteen cents, in the words of the award, " as and for his damages for the land taken by the railway company, and for all damages that may occur to him by reason of the location of the railroad over said premises."

When the railway was constructed, a good ditch was made upon its west side, which was then sufficient to carry off all the water coming down from the hill above, and for several years thereafter all this water ran off as it had formerly done into the brook south of the plaintiff's house, and west of the railroad. In building the new highway, which was on higher ground than the old one, it was necessary to cut into the hill in such a way that the water running down it washed down sand, which occasionally filled up the ditches in the new highway, and also the ditch on the west side of the railroad track. When these ditches were thus filled, the water from

the hill would run across the railroad track, and in front of the plaintiff's house, and fall over the abrupt declivity just north of his house, above described.

Until 1854, the defendants were accustomed to clear out the ditch on the west side of their track whenever it became filled with sand, but after that time they neglected doing so, and the consequence was, that in 1854, this ditch again became filled, and during the heavy rains and thaws, both of that year and 1855, the water from the hill, after crossing the track, passed in large quantites in front of the plaintiff's house, and, falling down the declivity near there, washed down and gullied the earth as far back as directly in front of the house, and washed away the plaintiff's aqueduct, and stopped the passage of the water therein.

Upon these facts, the referee found that the defendants, during the years 1854 and 1855, neglected to use such prudent care in keeping the ditch clear upon the west side of their track, as they were required by law to do, and that in consequence of this negligence, the plaintiff suffered the damages above described, which the referee found amounted to fifty dollars.

The defendants claimed in the county court, first, that the water, the passage of which was obstructed by them, was not a *water-course*, as set forth in the declaration, but merely the *common drainage* of the land; and, *second*, that the award of the commissioners to the plaintiff was intended to be in full satisfaction (among other injuries), of the very damage of which the plaintiff complained, and, therefore, on both grounds, that the plantiff could not recover.

But the county court adjudged otherwise, and rendered judgment for the plaintiff upon the report, for fifty dollars and costs, to which the defendants excepted.

*A. Howard*, and *Peck & Colby*, for the defendants.

1. The plaintiff declares against the defendants for obstructing a water-course. The referee does not find there was any *water-course* obstructed by the defendants. He makes the defendants liable for negligence in not keeping the ditch by the side of the railroad open so that water from the hill could pass off. No such claim is made in the declaration.

2. But the defendants are not liable on the ground upon which

the referee makes them chargeable. The whole difficulty arises from the construction of the highway on the side hill. If the defendants road was not constructed, the water and sand would run from the side hill on to the plaintiff's level land in a great many places. Now it comes down to the track, and accumulates, and thus produces injury. The town is in fault rather than the company. There is nothing in the report showing that the defendants were in fault in not constructing a culvert, or in the construction of the road. The award of the commissioners, then, is a bar to the plaintiff's recovery. The defendants were under no legal obligation to keep their ditches open.

*Ormsby & Farnham*, for the plaintiff.

This was a water-course which the defendants had not power by their charter to divert. They were as much bound to preserve this channel for the water to pass through, as to preserve the culverts crossing their track. The appraisal of damages must have been subject to the obligation of the defendants to maintain the water-course in its ancient position. The practice of the defendants for several years, was a cotemporaneous exposition by their own acts of that appraisal. In such cases the defendant is liable; *Garden* v. *The Great Northern Railway Co.*, 4 Eng. Law & Eq. 265.

The opinion of the court was delivered by

POLAND, J. The defendants' first objection to the recovery of the plaintiff upon the report of the referee, is, that the facts reported as found, do not sustain the charge made by the plaintiff in his declaration. It is doubtless true that where a pending action is submitted to a referee, and the submission is made a rule of court, that the plaintiff must proceed for the same cause of action named in his declaration, and will not be permitted to abandon that cause of action, and go for another for which the suit was not brought. But this is an objection that must go to the very substance of the action, and to the identity of the cause of action itself.

All questions affecting the mere form of the suit, and all questions of variance merely, between the declaration and proof, are considered as waived by the reference, provided it sufficiently appears that the matter set up as the plaintiff's ground of recovery

before the referee, is the same real cause of action for which he sued. Many cases of this character have been before the court, and the court have finally settled the rule in repeated cases, that every matter which by the rules of law could properly have been introduced by way of amendment to the declaration, will be considered as having been added, and its absence waived, or cured, by the reference. The rule established by the court in repeated cases, as to the power of the court to allow amendments, only limits it to the same cause of action, and form of action, and the same parties to the suit; defects of any other character, to any extent, may be cured by amendment. In the present case, the declaration charges the defendants with obstructing and turning a water-course on the plaintiff's land, whereby certain damages were sustained by the plaintiff. By the referee's report, it appears that the real complaint of the plaintiff was, that the defendants having built their road over the old highway through his farm, upon the west side of which there had been for many years a ditch which served to carry away the surface water on the plaintiff's farm, west of the highway, and the defendants having substantially continued the same ditch for some years after making their road, finally allowed the ditch to become filled up with sand, so as to throw the accumulation of surface water, west of the railroad track, over the track upon the east side, and damage the plaintiff. Now, perhaps a ditch made to carry off the mere surface water produced by rains, or the melting of snow, and not as a channel for a running stream, may not with the strictest propriety be called a *water-course*, but in common parlance it is often so styled, and would perhaps as generally be understood to be meant by that term, as the natural channel of a stream, or an artificial channel into which a stream of water had been made to run.

At any rate, we think the court would have had ample power to make amendments that would have made the plaintiff's declaration cover all that was tried before the referee.

The defendants claim too, that the facts reported show no liability upon them; that all that they have done must be taken to have been included in, and covered by, the award of the commissioners.

It must be admitted under the award of the commisssioners, that in their appraisal everything was considered and included, which

the plaintiff would suffer by the construction of the defendant's road in a prudent and reasonable manner, and all the damages that would be likely to accrue to him by the continuance of the road, managed and taken care of with reasonable care and prudence.

We apprehend that a railroad company may, as a question of prudence and care, as well be required to have regard to the prevention of damage to a land owner, by the accumulation of surface water merely, as of a running stream, when the geographical formation and surrounding circumstances are such as to make it apparent to reasonable men that such precautions are necessary, and that ordinarily, what would be a reasonable performance of their duty under a given state of circumstances, would be a question of fact, and not a question of law for the court. The defendants seem to have thought that their duty, or safety, required a ditch to be kept open on the west side of their track, on the plaintiff's land, to carry off the large accumulation of surface water there, and they kept it open for some years, but finally allowed it to become filled up, and the water to run over and damage the plaintiff.

The referee finds that this was not such prudence and care as the defendants were bound to exercise for the protection of the plaintiff, and if it was not, then we can not say it was included by the commissioners in the award. From what is reported, we can not say the referee was not well warranted in his conclusion, from the evidence and facts before him, and the judgment of the county court accepting his report is affirmed.