NEW ORLEANS, BATON ROUGE, VICKSBURG AND MEMPHIS RAIL-
ROAD COMPANY *v.* J. H. BROWN.

1. RAILROAD COMPANY. *Right of way. Removal of dirt therefrom. Injury to land-
owner. Case in judgment.*
   A railroad company caused to be condemned and paid for a right of way
   through B.'s plantation. In order to get dirt for use on other parts of its
   road, it caused excavations to be made, which formed pits in its right of way
   through B.'s premises. *Held,* that the railroad company had the right to use
   its right of way for such purpose, and B. cannot recover damages thereby
   occasioned on account of the unsightliness of his plantation or its sup-
   posed unhealthiness from water standing in the field, or the inconvenience
   of crossing over such right of way.

2. SAME. *Right of way. Trivial breaking over in making excavations. Measure of
   damages.*
   And if in such case the railroad company in making the excavations accident-
   ally or to a trivial extent broke over its right of way into B.'s land, B. is not
   entitled to punitive damages therefor but only to actual damages.

3. SAME. *Excavation of right of way. Evidence of malice. Case in judgment.*
   And in such case proof that the foreman in the employ of the company who
   directed the work said that he intended " to take enough of dirt out of that
   pit to overpay what had been assessed to B.," in payment for such right of
   way over B.'s land, is no evidence of malice on the part of the company in
   making such excavations.

APPEAL from the Circuit Court of Coahoma County.

HON. J. H. WYNN, Judge.

J. H. Brown brought this action of trespass against the New
Orleans, Baton Rouge, Vicksburg and Memphis Railroad Company.
It appears that in 1884 the defendant secured by condemnation
proceedings a right of way through the plantation of plaintiff and
paid him therefor about one thousand five hundred dollars. In
1884 the defendant, in order to secure dirt for uses on other parts
of its road, began digging dirt from its right of way through plain-
tiff's plantation, and in some instances dug as deep as ten feet and
in others it exceeded its right of way from a few inches to two and
three feet.

On the trial plaintiff introduced evidence which tended to show

that his plantation was damaged from the digging of the pits because the soil was sandy and washed and caved from his plantation into the pits ; that the appearance of the place was also injured ; that the health of the plantation was injured by the water standing in the pits ; that he could not cultivate his land up near to the pits, as his mules were frightened thereby, and that his right of way across the railroad through his place was seriously interfered with —all of which greatly depreciated the value of the plantation.   The plaintiff further showed that when the excavations were being made, one O'Brien, foreman of the hands employed by the company, said " that he was going to take enough dirt out of that pit to overpay what had been assessed to Brown " for the right of way. Under the instructions given for the plaintiff the jury was authorized to assess punitive damages against the defendant.   The jury awarded the plaintiff two thousand one hundred and sixty dollars as damages for the injury suffered.   The defendant appealed.

*W. A. Percy,* for the appellant.

The punitive damage instructions were all that there was upon which to base a verdict for anything more than nominal damages, and it is unnecessary and would be inappropriate to discuss any other feature of the case.   A balder case for punitive damages was never brought into court.

I find no case in our reports where the right to punitive damages has ever been asserted or adjudged in actions for trespass to real estate.   But no doubt under special circumstances they are recoverable.   It is said by a recent writer that in such case " the act in question must be recklessly violent, oppressive, wanton, or malicious."   3 Sutherland on Damages 381.

If a person maliciously destroy one's ornamental trees and shrubbery, or follow up an unlawful entry by willful or malicious destruction of personal property, damages by way of punishment would be properly allowable.   Ib. 390.

But under any circumstances, whether of tort to the person or property, the act complained of must be characterized by willfulness, fraud, malice, or oppression, and where the proof fails to show anything that will warrant an imputation of willfulness,

recklessness, or rudeness, it is the duty of the court to inform the jury that they cannot inflict punitive damages. *Storm* v. *Green,* 51 Miss. 103; *Ry Co.* v. *Scurr,* 59 Miss. 456; *R. R. Co.* v. *Jarrett,* 59 Miss. 470.

In the latter case, although the judgment as entered might have been supported as warranted by the evidence as compensatory damages, the court reverses because it did not appear that that amount would have been given but for the punitive damage instruction.

It is perfectly easy to understand how counsel could argue from the man O'Brien's expression, and how the jury might conclude from it, that because the plaintiff had been paid for the right of way, therefore the railroad company was making their excavations in his field, and that therefore they were maliciously made.

But it is difficult to understand, in the light of *R. R. Co.* v. *Scurr, supra,* and the other decisions, how a court could have been induced upon the evidence in this case to give instructions that would admit of such argument or such conclusion.

*Cutrer & Cutrer,* for the appellee.

1. The appellant must concede that exemplary damages are to be allowed in proper cases, as well for trespass *quare clausum,* as for the infliction of other damages. 1 Sutherland 717, 719 *et seq.;* 3 Sutherland 389; 2 Waterman 552 *et seq.;* 1 Sedgwick 150, etc.

If the act be done " *recklessly,* or *willfully,* and maliciously, with a design *to oppress* and *injure* the plaintiff, the jury may award such damages as, in their discretion, they may deem proper." The conduct and motives of defendant are always open to inquiry. 1 Sutherland 720. If the wrong is done willfully; that is, if it is committed deliberately, recklessly, or by willful negligence, or where there is gross negligence, an undoubted case is presented for exemplary damages. To enable a jury properly to exercise its discretion in such cases all the facts and circumstances which belong to the principal transaction and TEND to develop its character should be submitted to them.

And such damages are warrantable where there is a *want of ordinary attention* to the rights of another.

2. Any statement made by an employee of the defendant company tending in the slightest to show the motive which actuated such trespass is competent and should be admitted. It is not contended that if the excavations had been altogether within the limits of the company's right of way, under the rulings of the court below any such statement would have been competent. "Bad motive *by itself* is no tort." But where a decided unquestionable wrong has been committed, a statement made in the very commission of such wrong must be admitted. Appellant's counsel contends that the infliction of exemplary damages cannot be imposed for the commission of a *technical trespass*, as he terms it. We deny the premise and the conclusion.

But if the premise be conceded for argument's sake, the conclusion is not correct. "Malicious motives make a bad act worse, but they cannot make that a wrong which in its own essence is lawful. But one who does an act *maliciously* must be careful to see that the act is lawful, *otherwise*, though the actual injury may be slight, the exemplary damages may be considerable." 1 Sutherland 748 ; *Hurst* v. *R. R. Co.*, 36 Miss. 660.

Campbell, J., delivered the opinion of the court.

The verdict should have been set aside. There is nothing in the evidence to support it. The appellant did nothing but what it had the right to do, except the trivial and immaterial breaking over the line of its right of way at a few points, and for which no more than actual damages are recoverable, and the court should have told the jury so, and should not have submitted the question of punitive damages for its consideration. The plaintiff is not entitled to recover anything from the defendant for doing what it had the right to do, no matter why it may have done it, and the effort to distort the declaration of O'Brien into evidence of malice should have been defeated by the court. Mr. Brown is not entitled to damages because of the unsightliness of his plantation, or its supposed unhealthiness from standing water, or the inconvenience of crossing over by reason of the pits made in the excavations on the right of way.

He must suffer uncomplainingly the natural result of the proper exercise by the railroad company of its right, as purchaser and owner of the right of way over his land, to make such use of it as it saw proper under its charter and within its provisions. For all this he is supposed to have been paid in the proceedings by which his land was condemned for the right of way. He was entitled to this, and it must be assumed that he got all he was entitled to.

For anything wrong or improper done by the railroad company to the injury of Mr. Brown he should recover, but for nothing else.

An unintentional, trivial, and insignificant trespass should not be made a pretext for fastening a responsibility for doing lawful acts. Actual damage done by some wrongful act of the railroad company is all that Mr. Brown can recover for upon the case made by this record.

*Without passing on the instructions in detail, some of which are wrong, we reverse the judgment, and remand the case for a new trial.*