Alabama & Vicksburg Railway Company *v.* Stingily.

[71 South. 376.]

1. EVIDENCE. *Presumptions. Title. Railroads. Construction. Lateral support of land. Damages.*

   Where a railroad company has occupied and operated its railway over a tract of land for forty or fifty years, it will be presumed that it properly acquired the land for railroad purposes at the time the road was built.

2. RAILROADS. *Construction. Lateral support of land. Damages.*

   The landowner adjoining the right of way of a railroad company cannot recover damages for injuries caused by a proper use of the railroad property. For all of this he is supposed to have been paid in the proceedings by which the land was condemned for the right of way.

3. SAME.

   The right to lateral support may be lost by a grant inconsistent with its continuance.

APPEAL from the circuit court of Rankin county.

Hon. A. J. McLaurin, Judge.

Suit by J. W. Stingily against the Alabama & Vicksburg Railway Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*R. H. & J. H. Thompson,* for appellant.

*Stingily & McIntyre,* for appellee.

Cook, P. J., delivered the opinion of the court.

Appellee's declaration avers that he is the owner of a certain described tract of land lying adjacent to and adjoining the right of way of the appellant railway company; that the defendant owed the plaintiff the duty to so maintain and use its right of way and railroad track as not to injure the plaintiff; that in disregard of this duty, defendant did dig away, grade, cut, and remove away from its right of way, dirt adjacent to plaintiff's land, and thereby caused plaintiff's land to cave in and slide into the cut of the defendant's right of way. To this declaration, defendant pleaded the general issue, and a special plea setting up a release executed by plaintiff's predecessor in title. The case was fought out on the facts, a verdict of the jury rendered against defendant, and a judgment entered accordingly. From this judgment, defendant prosecutes this appeal.

It seems that the railway company has occupied and operated its railway over the tract of land for some forty or fifty years, and it will be presumed that they properly acquired the land for railroad purposes at the time the road was built.

When the alleged injury to plaintiff's land occurred, the railroad company had made a cut through a hill; in fact, the cut was made when the railroad was built. The adjoining land was of a "crawling," "walking," and "sliding" kind, and it seems on account of rains, and other unknown causes, a small strip of plaintiff's land had slipped off into the cut.

The sliding soil was threatening the railway track whereupon the company removed the soil, thereby removing the lateral support of plaintiff's land, which caused more of his land to slide into the cut. There is

no contention that there was any invasion of plaintiff's land; on the contrary, the plaintiff's land invaded defendant's right of way, and if the invasion had not been met at the frontier, the railroad would have been put out of business.

As to whether the railroad company, in the absence of negligence, is liable for the damages accruing in the present case is a subject upon which the decisions are in sharp conflict. We think, however, that it has always been held by this court that the landowner adjoining the right of way of a railroad company cannot recover damages for injuries caused by a proper use of the railroad property. "For all of this he is supposed to have been paid in the proceedings by which the land was condemned for the right of way. . . . For anything wrong or improper done by the railroad company . . . he should recover, but for nothing else." *Railroad Co.* v. *Brown*, 64 Miss. 479, 1 So. 637.

The right to lateral support may be lost by a grant inconsistent with its continuance. *Hortsman* v. *Covington R. Co.*, 18 B. Mon. (Ky.) 218; *Ryckman* v. *Gillis*, 57 N. Y. 68, 15 Am. Rep. 464; *Ludlow* v. *Hudson River R. R. Co.*, 4 Hun (N. Y.) 239.

As we understand the trend of the decisions of this court, it has always been held that when a right of way for a railroad company is condemned or bought, the right to do any and all things necessary and proper in the use of same is presumed to have been paid for. The landowner is supposed to have been compensated for all damages incidental to a proper use of the land; he, of course, must have taken into consideration all of the injuries which might flow from the proper operation of a railroad over his land, and demanded and received compensation for the land taken, not as a separate tract, but as a part of the entire tract. He could and should have received compensation for damages to the whole tract which would follow from a maintenance of the right of way.

In the instant case it was known that the cut would be necessary, and that the excavation of the cut would remove the lateral support of the other land adjacent to the tract sold, and for this prospective damage the owner was paid. There is nothing in the record to suggest any negligence or wrongful use of the right of way, or negligent construction of the road.

*Reversed and dismissed.*