LEBANON *v.* MRS. B. J. DILLARD.*

(*Nashville.* December Term, 1926.)

Opinion filed June 11, 1927.

1. MUNICIPAL CORPORATION. Street improvement. Shade trees.

- Where the removal and destruction of valuable shade trees by a municipality, under statutes of eminent domain, is incidental to the paving and grading of the street on which the residence of the plaintiff fronted, and such removal and destruction not a necessary incident to such construction is done negligently; the wrongdoer cannot successfully justify under the statute, and is liable to the same extent as if the public work was a private enterprise. (Post, p. 451.)

Citing: Shannon's Code, sec. 1988; Hord v. R. R., 122 Tenn., 399-413; 10 R. C. L., 225-226.

2. SAME. Same. Same. Action for damages. Pleading.

Where it is averred that the removal and destruction of shade trees was done "wantonly, wrongfully and unlawfully" this is the fair equivalent of the charge, that it was done negligently and unnecessarily. The distinction between condemnation proceedings in which damage is necessarily done and those in which damage is done negligently and unnecessarily is generally recognized. (Post, p. 452.)

Citing: Perry v. Worcester, (Mass.), 66 Am. D., 431.

3. CONDEMNATION. Unnecessary damages.

The rule is that if the public work is done so as to cause unnecessary damage by want of reasonable care and skill in its construction or operation, then the right of condemnation will not

---

*On liability of municipality for negligent and unnecessary injury to property in construction of public improvements, see 10 R. C. L., 223-225, 2 R. C. L. Supp., 996.

protect the parties by whom the work is done, but they may be liable in tort for such unnecessary injury. (Post, p. 452.)

Citing: Mellen v. Weston R. R., 4 Gray, 303; Wheeler v. City of Worcester, 10 Allen, 591; Brewer v. Boston R. R., 113 Mass., 52; Spencer v. Hartford R. R. Co., 10 R. I., 14; Pittsburgh R. R. Co. v. Gilleland, 56 Pa. St., 445; Tibbetts v. R. R. Co., 62 Me., 437; Waterman v. Connecticut R. R., 30 Vt., 610; R. R. v. Hambliton, 40 Ohio St., 496; Bridgers v. Dill, 97 N. C., 222; New Orleans R. R. Co. v. Brown, 64 Miss., 479, see Penn. R. R. Co. v. Marchant, 119 Pa. St., 541, 4 Am. St. Rep., 659.

*Headnotes 1. Eminent Domain, 20 C. J., sections 233, 517 (Anno), 525; 2. Municipal Corporations, 28 Cyc., pp. 1065, 1066; 3. Eminent Domain, 20 C. J., section 550; 4. Eminent Domain, 20 C. J., section 556 (Anno).

---

## FROM WILSON.

---

Appeal from Circuit Court of Wilson County, to Court of Appeals and by *certiorari* to the Supreme Court.— Hon. Albert Williams, Judge.

T. B. Finley, for appellant.

Walter S. Faulkner, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

This suit was brought to recover damages for destruction of shade trees. Judgment was given in the trial court for the plaintiff. The Court of Appeals has reversed the case on the ground that there is no evidence to sup· port the cause of action stated in the declaration. Writ of *certiorari* has been granted.

The question presented is one of pleading. The language of the declaration was as follows:

"On the date aforesaid, the defendant, without authority of law and without notice, went, by and through its authorized agent, upon the premises of plaintiff, and wantonly, wrongfully and unlawfully did cut, fell, dig up and haul away large shade trees, the property of the plaintiff, thereby leaving her premises naked to the sun, greatly impairing the market value of her premises, lessening their desirability for occupancy, and to her damages (in the sum) of $2,000, for which she sues and asks for a jury to try her cause."

The learned Court of Appeals finds that this "declaration stated a case of unlawful trespass, and the proof shows only a cause of action under the Acts of 1891 and 1893, carried into Shannon's Code as Section 1988," reading as follows:

"When any owner of real estate in any town or city in the State of Tennessee shall sustain any damage to his property by reason of any change made in the natural or established grade of any highway or townway in any city or town in the State, or by reason of the raising or lowering of such grades, or other acts done for the purpose of improving or repairing such ways, the said owner shall be paid all damages therefor by such cities and town within said State, which damage may be recovered before any court of competent jurisdiction, at any time in one year from the completion of or the cessation of such works, acts, or improvements; but all benefits accruing by reason of such improvements, acts, or works shall be allowed to affect, reduce, and offset the damages hereinbefore provided for."

The Court of Appeals finds from the proof that, "the defendant's entry upon the premises and the removal of

the trees were lawful acts, and, in our opinion, the plaintiff's right of action, if any she had, was for compensation under Section 1988, *supra*." Reliance is had upon the principle thus stated in 10 R. C. L., p. 223:

"When the act of public authorities in entering upon and occupying private land which they have taken by eminent domain in the manner provided by statute, or by making such use of land taken as will necessarily injure neighboring land, is expressly authorized by a statute which provides for the ascertainment and payment of just compensation, such an act is not in any sense wrongful or tortious, and cannot be made the basis of an action of trespass or any other action sounding in tort."

It appears that the removal and destruction of the shade trees by the agents of the defendant city was incidental to the paving and grading of the street on which the residence of the plaintiff fronted, but it is insisted, and we think it must be conceded, that there is some evidence that the destruction of these valuable shade trees was a negligent and unnecessary injury, and the principle thus stated in the same authority, 10 R. C. L., p. 225, is invoked for the plaintiff:

"Even when condemnation proceedings have been conducted under a constitutional statute which provides an adequate means for recovering compensation for land taken or injured, which may be instituted by the owner, the remedy for an injury to land which is not a necessary incident to the construction of the public work for which the land is taken but is due to negligent construction or operation is not one under the statute, but rather in the nature of a common-law action of trespass or case or its modern equivalent. The wrongdoer when sued cannot successfully justify under the statute and is liable to the

same extent as if the public work was a private enterprise.''

The text is supported by numerous authorities cited.

It is only to the right of recovery for damages for the taking of property *necessary* to the construction of the improvement that the municipal condemnation statute cited applies, and to this extent only is the remedy therein provided exclusive. This is the rule generally appli cable to eminent domain proceedings, as illustrated in *Hord* v. *Railroad,* 122 Tenn., 399, 413, in which it was held that an assessment for damages for the condemnation of a railroad right of way does not cover injuries caused by negligent construction, or for the appropriation and destruction of adjoining fences unnecessarily. And, for unnecessary injury as a result of the manner in which public work is constructed a municipal corporation, acting in its governmental capacity, is liable to the same extent as a private person or corporation. 10 R. C. L., 226, and cases cited.

The exception stated in the foregoing quotation from p. 225, Ruling Case Law, seems as well sustained by authority as the general rule applied by the learned Court of Appeals. In a comprehensive note in 5 Am. St. Reps. on page 537, it is said:

"The rule is, that if the public work is built so as to cause unnecessary damage by want of reasonable care and skill in its construction or operation, then the right of eminent domain will not protect the parties by whom the work is done, but they may be liable in tort for such unnecessary injury. *Mellen* v. *Western Railroad,* 4 Gray 303; *Wheeler* v. *City of Worcester,* 10 Allen, 591; *Brewer* v. *Boston, etc., R. R. Co.,* 113 Mass., 52, 58; *Spencer* v. *Hartford, etc., R. R. Co.,* 10 R. I., 14; *Pittsburg, etc., R. R. Co.* v. *Gilleland,* 56 Pa. St., 445; *Tibbetts* v. *Rail-*

*road Co.*, 62 Me., 437; *Waterman* v. *Connecticut, etc., R. R. Co.*, 30 Vt., 610; *Railroad Co.* v. *Hambleton*, 40 Ohio St., 496; *Bridgers* v. *Dill*, 97 N. C., 222; *New Orleans, etc., R. R. Co.* v. *Brown*, 64 Miss. 479; compare *Pennsylvania R. R. Co.* v. *Merchant*, 119 Pa. St., 541, 4 Am. St. Rep., 659.''

It is clear that the plaintiff has elected to sue for alleged trespass, charging expressly that the removal and destruction of her shade trees was done ''wantonly, wrongfully and unlawfully,''—fairly the equivalent of a charge that it was done negligently and unnecessarily. It is true that the declaration alleges that the entry upon her premises was ''without authority of law and without notice,'' while the proof shows a lawful entry, under the condemnation statute, and to this extent there may be said to be a variance, yet proof of a lawful entry will not show a fatal variance when the proof further shows, consistent with the declaration otherwise, that after entry the defendant proceeded negligently and unnecessarily to destroy the property of the plaintiff. The proof would thus sustain the declaration as an action of trespass.

The distinction between those condemnation proceedings in which damage is necessarily done and those of the class now before us is quite generally recognized. For example, this is illustrated by analysis of the language of the court in *Perry* v. *Worcester, Mass.*, 66 Am. D., 431, quoted by the Court of Appeals:

''We think the distinction is well established by authorities, and founded upon just principles, that where damage is *necessarily* done to the property of an individual by taking his land for a highway, town way, or bridge, or by changing the grade of a way, extinguishing an easement, injuring an adjacent building, draining a well, or

otherwise, where such work is authorized by public authority for public use, and all damage *necessarily* incident to such work, such works are legally regarded as warranted by the public, in the exercise of the right of eminent domain, they are legal and right; they are not unlawful; and therefore no action will lie, as for a tort, but damage must be sought by the owner of the property in the manner pointed out by law.''

The distinction is made clear by giving proper emphasis to the word ''necessary,'' italicised by us in this quotation.

Assignments for the city in the Court of Appeals raising other questions were overruled, and being constrained upon the grounds stated to differ with that court as to the sufficiency of the declaration and its consistency with the proof, the judgment of that court must be overruled and the judgment of the Circuit Court affirmed.