CENTRAL REALTY CO. *v.* CITY OF CHATTANOOGA.

(*Knoxville*, September Term, 1935.)

Opinion filed January 13, 1936.

CANTRELL, MEACHAM & MOON, of Chattanooga, for Central Realty Co.

J. W. ANDERSON, of Chattanooga, for city of Chattanooga.

MR. SPECIAL JUSTICE DAVIS delivered the opinion of the Court.

Plaintiff instituted this suit June 8, 1932, to recover $50,000, alleged damages suffered by plaintiff through the building of a street by the city of Chattanooga.

The declaration alleges that in the construction of South Market street, within three years from the date of the institution of the suit, defendant, city of Chat-

tanooga, changed and raised the grade of the street, by making high fills, and that the city negligently, carelessly, and wrongfully threw, or allowed to be thrown, dirt, rocks, etc., upon plaintiff's property, and wrongfully allowed dirt, stone, etc., to roll or slide from the fills constructed by the city, in the extension of said street, to the damage of plaintiff's premises.

The defendant, city of Chattanooga, pleaded the general issue, and the statute of limitations of one year (Code 1932, sec. 3132).

At the conclusion of plaintiff's evidence, the trial court granted peremptory instructions in favor of defendant, and its action has been affirmed by the Court of Appeals. The plaintiff insists that this is error, and bases its entire contention upon the theory that the action is not in fact one to recover the value of property taken by the defendant city under the power of eminent domain, but, on the contrary, that the action is one in trespass, or as in the nature of trespass. Learned counsel for the plaintiff do not question the application of the one-year statute if, under the facts, the plaintiff's property was taken by the city in the exercise of its sovereign right to build streets, nor if the property was taken under the power of eminent domain. The plaintiff insists that its rights, on the facts shown in the proof, must be determined on the theory and view that in the exercise of its right of eminent domain, in the construction of this street, the defendant city negligently and carelessly carried out its construction work, and inflicted unnecessary injury upon plaintiff's property, for which it has the right to recover in an action for trespass.

It appears from the proof that the plaintiff owns a large boundary of land within the corporate limits of

Chattanooga, and that this land is low and portions thereof are subject to overflow during high tides on the Tennessee river. It also appears that plaintiff was very anxious to have the city of Chattanooga extend Market street, and to build such extension on an elevation sufficient to protect plaintiff's land from overflow. The plaintiff was active in inducing the city to undertake such extension and construction. Finally, the city agreed to the extension and construction in accordance with the views of the officers of the plaintiff, and agreed to build the street through plaintiff's premises, upon a grade 80 feet wide, and on an elevation of 42 feet. It was necessary to remove from plaintiff's premises a number of residences, in order to locate the street as it was finally located and constructed. There was a proceeding by which the value of the improvements so removed was determined, and the city paid plaintiff therefor something over $15,000. After the determination of this liability, the plaintiff deeded to the defendant an easement for street improvements, and this deed recites that the consideration paid by the city is in full settlement of all improvements on said land, including the cost of removal of said improvements, and the damage to the remainder. The evidence of the officials of the plaintiff is that it was a part of the agreement leading to the execution of this deed that the city was to construct this street to the full width of 80 feet. In such construction, and in making a number of the fills to support a street of 80 feet in width, the base or foot of the fills extends out upon and over some of the land of the plaintiff. The damages sought are for encroachments upon plaintiff's land, by such fills, outside of and beyond the 80-foot right of way.

It is uncontroverted that the grading work complained of was completed in July, 1930, and, as already stated, this suit was not instituted until June 8, 1932.

Plaintiff's position is that its rights are to be determined under the three-year statute applicable to injuries to real estate, and that it may maintain an action for trespass, as in *Lebanon* v. *Dillard*, 155 Tenn., 448, 295 S. W., 60, and that line of authorities. It is not insisted, however, that the grading of this street was not done in a careful and proper manner. Some of plaintiff's officials say that it is an exceptionally good job of grading. The whole insistence of plaintiff is that the city had no right to go beyond its 80-foot easement in the construction of the street, and that when it did so, it was a trespasser, doing unnecessary injury to plaintiff's land, thus giving plaintiff a right to compensation by an action for trespass.

██ We think plaintiff's position is untenable. One of the oldest and commonest uses for which land is and may be taken for public improvements is a taking for streets and highways. And when land is taken by the sovereign, for such use, and such road or street is constructed, all the land used in such construction must be regarded and treated as a taking for the purposes under consideration. A landowner cannot question the discretion and judgment of the expropriator, as to the most feasible manner of making the improvement. The suggestion is made in the proof that the city could have, by retaining walls, limited the land occupied in the construction of this street to exactly 80 feet. But this is an effort of the landowner to substitute its judgment for that of the city as to the most desirable manner of con-

structing the street. The landowner does not have this right. The city could use its own judgment as to the wisdom of building a support for the 80-foot street, by widening the base which supports the street. And we think the land so used for the base of the street was taken in the construction of the street, in as full and complete a sense as the land that was taken for the 80-foot grade.

It is true that the plaintiff's easement of access was impaired by such taking, nevertheless there was a taking of plaintiff's land for a public improvement. As said in *Hamilton County* v. *Rape,* 101 Tenn., 222, 225, 47 S. W., 416, 417, one has a right of ingress and egress to his property, "and if this is taken away, or if it is impaired or incumbered, without his consent, it is a taking of his property for public purposes, for which he is entitled to compensation."

"When a municipal corporation, in constructing a street or other public work above the grade of the surrounding land, allows the earth to slope or bulge out, so that it covers the adjacent property, the owner of such property is entitled to compensation, on the ground that his property has in effect been taken." 10 R. C. L., 70.

To the same effect, see 20 C. J., 689.

We think there is no doubt that plaintiff's land was taken by the city for a public use, in the building of the extension of Market street, and that it was taken at the time the street was constructed, and that the one-year statute was correctly applied by the lower courts. Plaintiff's counsel properly concede that the one-year statute is applicable, if there was a taking by the city in the exercise of its rights of eminent domain, and if the extension

of the base of the fills constructed as set out was not an unnecessary entry upon the plaintiff's land. Clearly, such taking upon the part of the city was not an unnecessary injury to the plaintiff's land, so as to bring its rights within the principles of *Lebanon* v. *Dillard, supra*.

 Another well-recognized principle of law is applicable. That is, that in condemnation suits, all injuries necessarily incident to the proposed public improvement must be presumed to have been included and compensated for in the award of damages to the landowner. *Newberry* v. *Hamblen County*, 157 Tenn., 491, 9 S. W. (2d), 700. So in the case at bar, when plaintiff deeded to defendant an easement for the construction of a street 80 feet in width, with knowledge that it was necessary to make fills in the construction of the street upon a grade of an elevation of 42 feet, we think plaintiff must necessarily have contemplated that such fills would require a base more than 80 feet in width, and the right to build them of proper width, as determined upon by the city, as necessary for the support of an 80-foot street, must be regarded as having been within the contemplation of the parties. Certainly there is nothing to indicate that it was contemplated that the city would construct retaining walls, so no portion of the 80-foot grade would extend beyond the width of its easement as defined in the deed. It is shown that such retaining walls would have been much more expensive than the dirt and stone supports actually used in these fills.

On the two grounds indicated, we think the lower courts reached the correct result, and the petition for *certiorari* must be denied.