JOHNSON *v.* CITY OF CHATTANOOGA.

(*Knoxville,* September Term, 1945.)

Opinion filed December 1, 1945.

Joe Frassrand, of Chattanooga, for plaintiff in error.

Will F. Chamlee, of Chattanooga, for defendant in error.

Mr. Justice Chambliss delivered the opinion of the Court.

Johnson is the owner of a residence located on a lot fronting on North Market Street in Chattanooga. He brought this action to recover for damages resulting from the cutting of limbs and branches from a tree standing in front of his residence, between the street curb and the sidewalk, which impaired the beauty and usefulness of this tree for shade purposes. The case was heard by the trial court on a stipulation from which it appeared that the defendant City owns and operates through its Power Board a public service system for the lighting of its streets and the private homes and other buildings of the City; that as an incident of such operation it erects poles and strings wires along its streets; that the tree in question was cut and trimmed when, and because, it became necessary in the erection and proper maintenance of these poles and wires. No negligence is charged or shown. The trial judge first gave judgment for the plaintiff, but granted a new trial and dismissed the action. This appeal followed.

The theory advanced through his assignments is that, as an abutting owner, his fee title extends to the center

of the street; that defendant city has an easement only in the street for ordinary and usual street traffic and transportation purposes; that these poles and wires are an additional burden upon the fee for which a privately owned company would be liable in damages to the owner of the fee; that the defendant in conducting, and operating this lighting distribution plant is acting, not in a governmental capacity, but in a corporate capacity and is, therefore, subject to the same rules of liability that apply to a privately owned corporation. It is said, also, that the claims of the plaintiff come within the provision for damages for grade and other highway changes made for purposes of repair and improvement contained in Code Section 3404.

It appears from a memorandum filed in the record by the trial judge that he found the opinion of this Court in *Frazier* v. *East Tennessee Telephone Co.*, 115 Tenn. 416, 90 S. W. 620, 621, 3 L. R. A. (N. S.), 323 112 Am. St. Rep. 856, 5 Ann. Cas. 838, to be controlling. In that case the question was whether or not erection and maintenance of poles and wires of a telephone company along a dedicated street constituted a new taking and added a burden to the fee title of the abutting property owner for which he was entitled to recover damages. Upon full review of the authorities the Court held, Mr. Justice SHIELDS dissenting, that no additional burden was imposed and no right of compensation arose. A conflict in the authorities was recognized, it being, indeed, conceded that the majority view was otherwise, but what was conceived to be the better reasoning was followed.

However, in the course of the opinion, it was said to be ''held generally in the courts of the country that electric light poles and wires,'' as well as gas, sewer and water pipes, do not constitute an additional burden. It

was said of electric light lines particularly that, "they are used in lighting the street, and, so, in making it comfortable and safe for passage at night." It is made clear in that opinion, as above indicated, that whatever differences may exist in the authorities as to telephone and telegraph operations, practical unanimity exists as to electric light companies, with which we are here alone concerned.

Our examination of text book and decision authorities outside of this State strongly supports this view.

Perhaps the Mississippi Court has considered a situation most nearly similar to that here presented and the learned opinion of Terral, J., in *Gulf Coast Ice & Mfg. Co.* v. *Bowers*, 80 Miss. 570, at page 581, 32 So. 113, 114 (followed and quoted from in *Town of Hazlehurst* v. *Mayes*, 84 Miss. 7, 36 So. 33, 64 L. R. A. 805), contains the clearest and most convincing reasoning to which our attention has been directed. In addition to cases collated such text authorities as Elliott on Roads and Streets, 2d Ed., Sec. 707 [4th Ed., sec. 1063.1]; Dillon's Municipal Corp., 4th Ed., Sec. 697, are cited.

The quotations from 13 R. C. L., p. 132, and pp. 203, 205, relied on in the brief for plaintiff in error, while correctly defining the rights of the abutting owner with respect to adjacent shade trees, carefully guards the overriding right of the municipality to cut, trim, or remove trees altogether, when they obstruct or impede the legitimate use of the street for all proper purposes.

■ It thus appears that, conceding, but without deciding, that the city is acting in a corporate, rather than a governmental capacity, such use of the street for poles and wires as herein shown is well within the reasonable range of the right to use the streets derived from the easement for street purposes, and that no additional

burden is thereby imposed for which an abutting owner of the fee may recover damages.

■ Nor may recovery be had under Code Section 3404, relating to changes in grades, etc., street and highway, that which is here involved being a proper incident only of the authorized and legally contemplated use of the street easement, imposing, as we have seen, no additional burden. *Lebanon* v. *Dillard,* 155 Tenn. 448, 295 S. W. 60, cited for appellant, is clearly distinguishable, it being found in that case that the removal of the shade trees was both unnecessary and was negligently done, in connection with the exercise by the municipality of its eminent domain powers.

■ Having found that poles and wires for lighting along a street constitute a legitimate use, and the stipulation herein being that the trimming of the tree in this case was necessary to the stringing or maintenance of these wires, and it appearing that the work was not negligently done, it results that the judgment of the trial court was correct and must be affirmed.