# MARANDA WILLIAMS v. SOUTHERN RAILWAY COMPANY.—417 S.W.(2d) 573.

Eastern Section. December 19, 1966.

Certiorari Denied by Supreme Court March 20, 1967.

216

Hubert D. Patty, Maryville, for plaintiff-in-error, Maranda Williams.

Frank Montgomery, Knoxville, and Goddard & Gamble, Maryville, for defendant-in-error, Southern Ry. Co.

COOPER, J. This action was brought by Maranda Williams against the Southern Railway Company to recover damages to real estate allegedly caused by an earthslide into a railroad cut, made and maintained by the defendant railroad adjacent to the property owned by the plaintiff. On trial, the jury returned a verdict for the plaintiff in the amount of $2500.00. The trial judge, in ruling on motions for new trial, sustained the defendant railroad's motion and directed a verdict for the railroad. The plaintiff appealed.

Plaintiff has assigned numerous errors, most of which are directed to various rulings of the trial judge during trial or to the court's charge. These assignments are not now material in view of the trial judge's action in directing a verdict for the defendant. The only material assignment, as we see it, is whether there is any material evidence to require the submission of liability on the part of the railroad to the jury and, if so, does the undisputed evidence show plaintiff's right to recover is barred by either the one year or three year statute of limitations.

Evidence of subsidence of plaintiff's property and its cause as set forth in the bill of exceptions under consideration is substantially the same as that introduced in the earlier trial of this cause (see Williams v. Southern Railway, 55 Tenn.App. 81, 396 S.W.2d 98), wherein we stated:

"* * * [T]he record shows that the railroad cut was made in [the early 1900's] with a 'one to one' slope, and, other than the removal of dirt from slides covering the tracks of the railroad, the cut had not been materially altered since its construction.

"The record does not show the date of construction of plaintiff's house, but from pictures in the record, it is obvious that it would be classed as an 'older' house. [Plaintiff guesses that it is 60 to 65 years old]. The pictures also show that the house sets approximately 50 feet from the edge of the railroad cut.

"In March, 1963, after a heavy rain, there was a large landslide into the railroad cut. As a result, a portion of plaintiff's property, extending some 6 to 9 feet from the back property line toward the house, fell away to a depth of approximately one foot [now to a depth of 3 feet]. Cracks or faults, indicating the beginning of a slide, appeared some 8-10 feet inside plaintiff's property line. Further, plaintiff testified that as the result of the slide, the corner of her house cracked and separated, and introduced in evidence a picture showing a crack in an interior concrete block wall, which she attributed to the subsidence of the property.

"Raymond Franklin, a civil engineer employed by Blount County to do 'the engineering involved with the construction of the county roads.', was the only witness who undertook to testify as to the cause of the landslide. He stated the slide was 'due to erosion, that is water slipping over the bank'; [that when the bank became saturated, the dirt slid down the bank, seeking level ground]."

As pointed out in the earlier opinion, " 'The liability of an adjoining owner for the removal of lateral support

from his neighbor's land in its natural state is not dependent upon the lack of skill or care he exercised in making the excavation, but is absolute. An adjoining landowner who by making an excavation takes away the lateral support of his neighbor's ground, so as to cause it of its own weight to fall, slide or break away, is liable for the injury reardless of how carefully he excavated * * * [and] * * * it is immaterial whether the falling of the soil is called 'caving' or 'washing' [or erosion], provided it is the natural and proximate result of removing the lateral support. Though the soil falls of its own weight and pressure, the liability for injury to the land attaches; and the fact that the falling of the soil was due to the action of the elements does not constitute a defense.' '' 1 Am.Jur.2d secs. 43 and 44, pp. 721 and 723; see also, Restatement of Torts, sec. 817(1), p. 187.

██ With these authorities in mind, we are of the opinion expressed in our earlier decision in this cause, that when the above evidence is considered in the light most favorable to the plaintiff, as we are required to do, a jury reasonably could find that the subsidence of plaintiff's land was the natural and proximate result of the removal of lateral support by the defendant, and that the soil fell of its own weight and pressure under the action of the elements.

█ The defendant insists that the trial judge was justified in directing a verdict in view of evidence that the defendant railroad had purchased the right-of-way on which the "cut" was constructed from plaintiff's predecessor in title, it being the contention of the defendant that the injury suffered by plaintiff was "necessarily incident to the proposed improvement" and must have been contemplated by plaintiff's predecessor in title and

the railroad in fixing the consideration for the deed. To sustain this insistence the defendant cites us to numerous cases, among which is Hord v. Holston River Railroad Co., 122 Tenn. 399, 123 S.W. 637; Fuller v. City of Chattanooga, 22 Tenn.App. 110, 118 S.W.2d 886; Jones v. Oman Construction Co., 28 Tenn.App. 1, 184 S.W.2d 568; East Tennessee Natural Gas Co. v. Peltz, 38 Tenn.App. 100, 270 S.W.2d 591; Hawkins v. Dawn, 208 Tenn. 544, 347 S.W.2d 480, which voice the general rule that the condemnation of a right of way or a right of way deed embraces by implication all damages necessarily incident to making the land effectual for the particular purpose for which it was acquired. These cases, however, recognize an exception to the rule where the particular loss or damage was not within the contemplation of the owner and, if advanced, would have been rejected as speculative and conjectural. See to the same effect Morgan County v. Neff, 36 Tenn.App. 407, 256 S.W.2d 61, 63.

"In Carter County v. Street, [36] Tenn.App. [166], 252 S.W.2d 803, * * * we applied the exception because it appeared the landowner had no information when he executed a deed to the right of way that cuts and fills would be of such magnitude that slides would result in damage to his remaining lands. As supporting that view the opinion cites Milhous v. State Highway Department, 194 S.C. 33, 8 S.E.2d 852, 128 A.L.R. 1186, in which the Supreme Court of South Carolina held that a landowner who had never been shown a map of the road construction when he executed a deed to the right of way would not be cut off from water damages caused by grading the roadway in a manner to interfere with natural drainage." Morgan County v. Neff, 36 Tenn.App. 407, 256 S.W.2d 61, 63.

The burden of showing that the damages for which this suit was instituted were reasonably to be anticipated or that the possibility of slides under conditions prevailing at the date of the sale of the right-of-way by plaintiff's predecessor in title could not have been rejected as speculative and conjectural rests upon the defendant railroad. Carter County v. Street, 36 Tenn. App. 166, 252 S.W.2d 803. The railroad offers no proof in support of its burden, not even the deed under which it claimed the right-of-way. The record is devoid of evidence tending to show that plaintiff's predecessor in title had knowledge of the plan of construction of the railway tract at the time he conveyed the right-of-way, or that circumstances surrounding the sale were such that he should have reasonably anticipated a "cut" of the magnitude made by the railroad, or have reasonably anticipated the possibility of slides and their extent. In fact the record shows nothing except the purchase of the right-of-way by the railroad in the late 1800's and the construction of the track and "cut" in the early 1900's. Such evidence, in our opinion, does not justify or require a holding that as a matter of law the plaintiff is concluded from recovery of damages for the subsidence of her land by the mere fact the railroad purchased a right-of-way from plaintiff's predecessor in title.

Defendant, contending "the right of action in this case accrued either in 1900 or so when the cut was made and the railroad was built or it occurred in March 1963, when the bank caved in," takes the position that the plaintiff is barred from recovering damages for the subsidence of her land by the one year statute of limitations set out in T.C.A. sec. 23-1424 (the reverse condemnation statute), and that the trial judge's action in directing a verdict for

the defendant was therefore proper. In support of its insistence, the defendant cites Central Realty Company v. City of Chattanooga, 169 Tenn. 525, 89 S.W.2d 346, wherein recovery was denied because the act of the municipality in allowing dirt to spread out beyond the limits of the right-of-way constituted a taking for which the landowner failed to sue within the limitation period of one year as required by T.C.A. sec. 23-1424. It was also pointed out that the plaintiff must have anticipated an encroachment on his remaining land from the width of the right-of-way and the known height of the fill.

■■■■ We think the instant case is distinguishable from the Central Realty Company case, supra, on the ground that there is no showing that the defendant ever entered or encroached upon the plaintiff's land, never intentionally appropriated it, and never materially interfered with its use. The damage to plaintiff's land resulted from an excavation made by the defendant on its own land, and the action of the elements on the bank of the excavation. Under the circumstances, there has been no "taking" of plaintiff's land by defendant and, as a consequence, T.C.A. sec. 23-1424 is not the controlling statute of limitations. The controlling statute is T.C.A. sec. 28-305, which provides a three year limitation on actions to recover damages to real property (see, Donohue v. East Tenn. Natural Gas Co., 39 Tenn.App. 438, 284 S.W.2d 692), and the statutory period dates from the actual injury rather than from the date of the removal of the lateral support. See Anno. 26 A.L.R. 1235 et seq.; 1 Am.Jur.2d, Adjoining Landowners, Sec. 69, p. 740.

"The decided weight of authority is to the effect that the Statute of Limitations does not begin to run against a cause of action for injury to the surface by removal

of the lateral or subjacent support, until some actual mischief has been done to it, regardless of when the excavating was done. In other words, where injury to the surface results from the removal of the support, the statutory period dates from the actual injury rather than from the date of removal." 26 A.L.R. 1235.

The injury to plaintiff's land giving rise to this suit occurred in March, 1963. Suit was filed on July 8, 1964, well within the statutory three year period of limitation.

For the reasons above stated, we are of the opinion that the trial judge committed error in directing a verdict for the defendant. The judgment of the trial judge is reversed and the cause remanded.

McAmis, P.J., and Parrott, J., concur.