John Howard LOVEALL,
Plaintiff-Appellee,

v.

AMERICAN HONDA MOTOR COMPANY, INC. and Honda Motor Company, Ltd., Defendants-Appellants.

Supreme Court of Tennessee,
at Knoxville.

July 1, 1985.

Rehearing Denied Aug. 12, 1985.

Linda J. Hamilton, Charles B. Lewis, Knoxville, for defendant-appellants; Morton, Lewis, King & Krieg, Knoxville, of counsel.

Frances Lee Ansley, Sidney Gilreath, Knoxville, Robert Keeton, Huntingdon, for plaintiff-appellee.

William R. Willis, Alfred H. Knight, and Alan D. Johnson of Willis & Knight, Nashville, amicus curiae for Motor Vehicle Mfrs. Ass'n. of the United States, Inc. and the Product Liability Advisory Council.

Anne R. Grant, Washington, D.C., amicus curiae for of the Ass'n of Trial Lawyers of America.

## OPINION

COOPER, Chief Justice.

This appeal presents the issue: Did the trial court abuse its discretion in denying the defendants' request for a protective order in reference to confidential commercial information which plaintiff requested through interrogatories? We find that it did and that a protective order should have issued.

Plaintiff, John H. Loveall, is a paraplegic as the result of an accident which occurred while he was riding a Honda ATC–185, an all terrain cycle. Suit was filed in the Circuit Court for Knox County against the manufacturer of the vehicle, Honda Motor Company, Ltd., and its seller and distributor, American Honda Motor Company, Ltd., alleging strict liability and violations of express and implied warranties.

In the course of discovery, plaintiff submitted two sets of interrogatories to the defendants. Both requested information concerning the design, specifications, testing, developmental techniques, and compo-

nent parts of the ATC–185. Defendants did not seek to deny plaintiff access to the requested information, but sought, instead, to have the court issue a protective order limiting the dissemination of the information by the plaintiff. The motion for the protective order was based on the confidential nature of the requested information. Attached to the motion was the affidavit of Ryoichi Shigenari, a senior staff engineer of Honda Research and Development Company, Ltd. (Honda R & D). The motion was denied, and a motion to reconsider was submitted. Attached to it was the affidavit of Osamu Takeuchi, another Honda R & D senior staff engineer. Both affidavits stated that the requested information was highly confidential, was closely guarded, had been developed solely by Honda R & D, and that competitors would benefit greatly from access to this information. No affidavits were filed by plaintiff.

The trial court denied the motion to reconsider, but did approve an interlocutory appeal. An interim protective order was issued for the pendency of the appeal after the trial court found that irreparable injury would be done to the defendants if the information was released and it was held on appeal that the protective order should have issued. The Court of Appeals did not accept the interlocutory appeal, and the appeal was then brought to this court.

The interim protective order, which was to become permanent if the defendants prevailed on appeal, stated:

1. Plaintiff and plaintiff's attorneys shall not give, show or otherwise, either directly or indirectly, divulge any competitively sensitive data produced by defendants ... in this action, or the substance thereof or any copies, descriptions, prints, negatives or summaries thereof, to any entity or person except plaintiff herein, any agents of or experts and consultants employed by plaintiff herein, in connection with and solely for this action.

All of plaintiff's experts and consultants were under the order, and all competitively sensitive documents were to be returned to defendants upon request at the conclusion of trial. Competitively sensitive data was defined as "information about defendants' business, products, practices or procedures, which, in the ordinary course of business, is not voluntarily disclosed by defendants to the public or to the third persons or entities who do not have a need to know." The order expressly covered any confidential information entered into evidence or proffered as evidence at trial.

Tennessee Rules of Civil Procedure 26.03 provides that a trial court, for good cause shown, may issue any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including "(7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way;". This rule is substantially the same as Federal Rules of Civil Procedure 26(c), and we will look to interpretations of that rule.

The decision whether or not to issue a protective order lies within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of discretion. *Centurion Industries, Inc. v. Warren Steurer and Associates,* 665 F.2d 323, 326 (10th Cir.1981). Trade secrets and other confidential commercial information enjoy no privilege from disclosure, although courts may choose to protect such information for good cause shown. *United States v. International Business Machines Corp.,* 67 F.R.D. 40, 42 n. 1 (S.D.N.Y.1975). To show good cause under Rule 26(c), the moving party must demonstrate specific examples of harm and not mere conclusory allegations. 8 Wright & Miller, Federal Practice and Procedure § 2035, p. 265 (1970). When confidential commercial information is involved, this standard requires a showing that disclosure will result in a clearly defined and very serious injury to the company's business, *United States v. Exxon Corp.,* 94 F.R.D. 250, 251 (D.C.1981), or, stated differently, great competitive disadvantage and irreparable harm. *Essex Wire Corp. v.*

*Eastern Electric Sales Co.*, 48 F.R.D. 308, 310 (E.D.Pa.1969).

■ Applying these standards to the present case, we conclude that the information sought by plaintiff should be protected, and that the trial court erred in refusing to grant the requested protective order. Defendants have sufficiently alleged that irreparable harm and competitive disadvantage would result if no protective order is issued. This conclusion is based on the uncontradicted affidavits of the two senior staff engineers for Honda R & D, Mr. Shigenari and Mr. Takeuchi.

We glean from their affidavits that much of the information sought by plaintiff is contained in a series of confidential documents known as the A O Development Reports. These reports were developed solely by employees of Honda R & D, and they contain information concerning the unique developmental procedures, specifications, and testing used by Honda R & D in the development of new products. Included is information pertaining to the ATC–185, the all terrain cycle upon which plaintiff was injured. These unique procedures, standards, and tests are alleged to be major reasons for the preeminence of defendants in the production of ATCs. The information in these reports was obtained, and the reports themselves were developed, at great cost and over many years.

In addition, access to these reports is strictly regulated. All employees are required to sign a non-disclosure statement, and less than one percent of defendants' employees are privileged to see the documents. The reports are kept in locked cabinets, prior clearance must be obtained to enter the area where the documents are stored, and even members of the developmental team must obtain written authorization to view the documents. The original reports cannot be removed from the filing area, and records are kept of all copies made.

It follows that Honda's competitors would benefit greatly from access to information concerning the defendants' internal procedures, standards, and testing. They would profit by being able to utilize the work product of the defendants without having invested the time and expense to develop production techniques on a competitive level with defendants. A protective order is necessary to prevent the irreparable harm which would result if defendants' competitors had access to the competitively sensitive information which plaintiff will receive. Plaintiff has failed to adequately rebut the defendants' showing of good cause for the issuance of a protective order.

■ Plaintiff has also failed to show that the issuance of a protective order which limits the dissemination of information obtained through civil discovery is in violation of the First Amendment. Only a limited interest in free expression exists in information obtained through discovery. *See International Union v. Garner*, 102 F.R.D. 108, 117 (M.D.Tenn.1984). Where a protective order is issued after a showing of good cause, is limited to pretrial civil discovery, and does not restrict the dissemination of information obtained from other sources, then the First Amendment is not violated. *Seattle Times Co. v. Rhinehart*, 104 S.Ct. 2199, 2209, 81 L.Ed.2d 17 (1984). We note, however, that the interim order which is to become permanent is too broad as it now stands since it would apply to any competitively sensitive information introduced at trial. Therefore, we modify that order and limit its application to only competitively sensitive information not introduced into evidence. We place no restriction on the dissemination of the information actually introduced at trial or obtained other than through discovery.

This cause is remanded for all necessary further proceedings. Costs are taxed to appellee, John Howard Loveall.

FONES, BROCK, HARBISON and DROWOTA, JJ., concur.