# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### MAY 21, 2002 Session

## PIONEER SUBDIVISION HOMEOWNERS ASSOCIATION, INC. v. PROFESSIONAL COUNSELING SERVICES, INC.

**Direct Appeal from the Chancery Court for Dyer County**
**No. 00C438;  The Honorable Ron E. Harmon, Chancellor**

---

**No. W2001-03053-COA-R3-CV - Filed October 31, 2002**

---

This appeal arises from the Appellant's purchase of a home in the Appellee's subdivision which the Appellant intended to use as a group home for mentally handicapped persons.  The Appellee filed a petition against the Appellant in the Chancery Court of Dyer County seeking injunctive relief.  The petition alleged that the subdivision's restrictive covenant prohibited any business use or other use of property in the subdivision other than a private residence or single family dwelling.  The Appellant filed an answer and counterclaim.  Following a trial, the trial court denied the Appellee's request for an injunction.  The trial court ordered that the Appellant include at least two residents of the subdivision on the selection committee used to select residents for the group home.  The trial court stated that it retained jurisdiction of the case for enforcement of the judgment as needed upon petition of either party.

The Appellant appeals the trial court's decision, including placing at least two residents of the subdivision on the selection committee.  For the reasons stated herein, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., joined and HOLLY KIRBY LILLARD, J., concurred separately.

John W. Palmer, Jason L. Hudson, Dyersburg, TN, for Appellant

David A. Riddick, Jackson, TN, for Appellee

Paul G. Summers, Attorney General and Reporter, Pamela A. Hayden-Wood, Assistant Attorney General, Nashville, TN, for Amicus Curiae, State of Tennessee

# OPINION

## I. Facts and Procedural History

The Appellee, Pioneer Subdivision Homeowners Association, Inc. ("Homeowners Association"), is a non-profit corporation which consists of owners of lots within Pioneer Subdivision in Dyersburg, Tennessee. The Appellant, Professional Counseling Services, Inc. ("Professional Counseling") purchased a home located on lot twenty-three in the Pioneer Subdivision. On August 18, 2000, Homeowners Association filed a petition against Professional Counseling in the Chancery Court of Dyer County to enforce a restrictive covenant. The petition sought injunctive relief to prevent Professional Counseling from using the home as a group home for mentally handicapped persons and guardians. The petition relied on a Pioneer Subdivision restrictive covenant which prohibits any business use or other use of property in the subdivision other than a private residence or single family dwelling. The petition also relied on a Dyersburg zoning ordinance which prohibits group homes and nursing homes in residential areas.

On September 5, 2000, Professional Counseling filed an answer and counterclaim alleging violations of the Fair Housing Act and section 13-24-101, et seq. of the Tennessee Code. The counterclaim sought damages and an injunction restraining Homeowners Association from interfering with the group home. On September 14, 2000, Homeowners Association filed an answer to the counterclaim. On October 31, 2000, Professional Counseling submitted interrogatories, requests for admission, and requests for production of documents to Homeowners Association. Professional Counseling also submitted their answers to interrogatories and requests for production of documents. On December 18, 2000, Homeowners Association filed a motion to compel discovery alleging that Professional Counseling's answers to interrogatories were inadequate. Also on December 18, 2000, Professional Counseling filed a motion for a protective order limiting the scope of discovery arguing that the additional discovery information sought by Homeowners Association was irrelevant. On December 19, 2000, the trial court held a hearing on the two motions. On January 16, 2001, the trial court entered an order limiting the scope of interrogatories and requests for production of documents as to the financial status and records of Professional Counseling.

On March 20, 2001, the trial was held. On April 20, 2001, the trial court entered an order denying Homeowners Association's request for an injunction. The trial court ordered Professional Counseling to include at least two residents of Pioneer Subdivision on the selection committee used to select residents for the group home. The trial court stated that it retained jurisdiction of the case for enforcement of the judgment as needed upon petition of either party. On May 18, 2001, Professional Counseling filed a motion to alter or amend judgment. On July 23, 2001, the trial court entered an order denying the motion to alter or amend judgment. On August 23, 2001, Homeowners Association filed a motion requesting the trial court for an order directing how members of the selection committee were to be chosen. On November 8, 2001, the trial court ordered that the two members of the selection committee would be selected by Homeowners Association. This appeal followed.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III. Law and Analysis

The following issues are presented for our review:

1. Whether the trial court erred by limiting the scope of discovery as to the financial status and records of Professional Counseling;
2. Whether the trial court erred by failing to rule that the proposed use of the home violated Pioneer Subdivision's restrictive covenant and that the proposed use of the home fell under a zoning exemption statute, section 13-24-101, et seq.;
3. Whether the trial court erred by ordering Professional Counseling to include at least two residents of Pioneer Subdivision on the selection committee used to select residents for the group home; and
4. Whether the trial court erred by retaining jurisdiction of the case to allow the parties to submit future disputes to the trial court for hearing.
We will examine each issue in turn.

The first issue presented for our review is whether the trial court erred by limiting the scope of discovery as to the financial status and records of Professional Counseling. The decision to limit the scope of discovery "lies within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of discretion." Loveall v. American Honda Motor Co., Inc., 694 S.W.2d 937, 939 (Tenn. 1985) (citing Centurion Indus., Inc. v. Warren Steurer & Assoc., 665 F.2d 323, 326 (10th Cir. 1981)). From our review of the record, we find no abuse of the trial court's discretion to limit the scope of discovery regarding Professional Counseling's finances. Accordingly, we affirm the trial court's decision to limit the scope of discovery as to the financial status and records of Professional Counseling.

The second issue presented for our review is whether the trial court erred by failing to rule that the proposed use of the home violated Pioneer Subdivision's restrictive covenant and that the proposed use of the home fell under a zoning exemption statute, section 13-24-101, et seq. The trial court stated that the group home violated Pioneer Subdivision's restrictive covenant and the Dyersburg zoning ordinance. The trial court found, however, that the group home fell within the zoning exemption statute, section 13-24-101, et seq. The trial court stated that Pioneer Subdivision's restrictive covenant and the Dyersburg zoning ordinance say "you cannot operate an enterprise such as this in your development. No question about that. In the infinite wisdom of our elected officials, that has been changed by a law that says you can if you do certain things. And that statute overrides

the zoning. It overrides the subdivision restrictions." We must decide whether the trial court erred by finding that the group home fell within the zoning exemption statute, section 13-24-101, et seq.

The purpose of section 13-24-101, et seq. is "to remove any zoning obstacles which prevent mentally retarded, mentally handicapped or physically handicapped persons from living in normal residential surroundings." TENN. CODE ANN. § 13-24-101(a) (Supp. 2001). Section 13-24-102 classifies a group home of eight or fewer mentally retarded, mentally handicapped or physically handicapped persons and two guardians as a "single family residence" for zoning purposes. TENN. CODE ANN. § 13-24-102 (1999). Section 13-24-103 states that "[t]his part takes precedence over any provision in any zoning law or ordinance in Tennessee to the contrary." TENN. CODE ANN. § 13-24-103 (1999). Professional Counseling intends to use the home in Pioneer Subdivision as a group home for eight or fewer mentally handicapped individuals and two guardians. The statute clearly states that a use of a home in this manner is classified as a "single family residence" which is exempt from "any zoning obstacles." We find that Professional Counseling's proposed use of the home falls within section 13-24-101, et seq. which overrides the Pioneer Subdivision restrictive covenant and the Dyersburg zoning ordinance. Accordingly, we affirm the trial court's finding that the proposed use of the home falls within section 13-24-101, et seq.

The third issue presented for our review is whether the trial court erred by ordering Professional Counseling to include at least two residents of Pioneer Subdivision on the selection committee used to select residents for the group home. We agree that the trial court erred by ordering Professional Counseling to include at least two residents of Pioneer Subdivision on the selection committee when that issue was not submitted to the trial court in the pleadings.

It is a fundamental rule of law that in order to receive relief, a party must plead, request, and prove the relief with the opposing party having the opportunity to offer proof opposing the requested relief. Rule 54.03 of the Tennessee Rules of Civil Procedure states:

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings; but the court shall not give the successful party relief, though such party may be entitled to it, where the propriety of such relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.

TENN. R. CIV. P. 54.03.

In addressing the necessity for matters to be alleged in the pleadings and supported by evidence before they can be adjudicated by the chancery court, Gibson's Suits in Chancery states:

A Court of Chancery has no jurisdiction of any matter not submitted to it in a pleading for adjudication; nor can the defendant be called on to respond to anything not alleged against him. Neither can a Court consider any evidence which does not directly, or indirectly, tend to prove or disprove the allegations contained in the pleadings. A decree can neither be based on allegations without corresponding proof, nor on proof without corresponding allegations. All decrees must be the concurring result of allegations justified by proof, and proof justified by allegations. A decree based on pleadings without proof, will be reversed on appeal, but will be good against collateral attack. A decree based on proof, without pleadings, will not only be reversed on appeal, but will also yield to a collateral attack because such a decree is *coram non judice*, and absolutely void. The jurisdiction of the Court is circumscribed by the pleadings, and the pleadings are circumscribed by the Law.

Gibson's Suits in Chancery § 218 (7th ed. 1988).

This fundamental rule of law has been upheld by the courts of Tennessee. In the case of Cardwell v. Hackett, 579 S.W.2d 186 (Tenn. Ct. App. 1978), the plaintiff sued the defendant for implied warranty of a mobile home purchased by the plaintiff from the defendant. The trial court rendered a judgment for the return of the purchase price of the mobile home to the plaintiff and a return of the mobile home to the defendant. In reversing the judgment on appeal, this Court stated, "Thus, his judgment is a rescission of the contract and an effort to restore the parties to status quo. It seems to us that this is error . . . because the pleadings do not encompass a suit for rescission." Id. at 191.

In the case of Fidelity-Phenix Fire Ins. Co. of New York v. Jackson, et al., 181 S.W.2d 625 (Tenn. 1944), our supreme court stated, "No rule is better settled than that both allegations and proof are essential to a decree or judgment and that there can be no valid decree unless the matter on which the decree is rested is plainly within the scope of the pleadings." Id. at 629. The court also noted with approval:

In order to give a judgment the merit and finality of an adjudication between the parties, it must be responsive not only to the proof but to the issues tendered by the pleadings, because pleadings are the very foundation of judgments and decrees. A judgment will be void which is a departure from the pleadings, and based upon a case not averred therein, since if allowed to stand it would be altogether arbitrary and unjust and conclude a point upon which the parties had not been heard . . . . Therefore, the rule is firmly established that irrespective of what may be proved a court cannot decree to any plaintiff more than he claims in his bill or other pleadings.

Id. (citation and internal quotations omitted).

The relief requested by Homeowners Association in their pleadings was based upon a violation of Pioneer Subdivision's restrictive covenant and Dyersburg's zoning ordinance. Homeowners Association requested the trial court to order an injunction enjoining Professional Counseling from using the property as a group home. Homeowners Association did not request or offer evidence in support of placing residents of Pioneer Subdivision on the selection committee for the group home. The trial court ordered Professional Counseling to include at least two residents of Pioneer Subdivision on the selection committee. This relief granted was not within the scope of the pleadings. Under the state of the record before us, the relief granted should have been confined to the relief sought in the pleadings. Accordingly, we reverse the trial court's decision ordering Professional Counseling to include at least two residents of Pioneer Subdivision on the selection committee.

The fourth issue presented for our review is whether the trial court erred by retaining jurisdiction of the case to allow the parties to submit future disputes to the trial court for hearing. The recitation by the trial court that it was retaining jurisdiction of the case was mere surplusage because the parties have the right to submit future disputes related to the original judgment to the trial court. Accordingly, we affirm the trial court's order retaining jurisdiction of the case to allow the parties to submit future disputes to the trial court for hearing.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed equally against the Appellant, Professional Counseling Services, Inc., and its surety, and the Appellee, Pioneer Subdivision Homeowners Association, Inc., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE