

**FILED**
**October 16, 2019**
**1:35 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
## (HEARD OCTOBER 1, 2019, AT NASHVILLE)

| | |
|---|---|
| Jeffery Tennyson | ) Docket No.   2019-07-0218 |
| | ) |
| v. | ) State File No. 62368-2018 |
| | ) |
| Saver's Painting and | ) |
| Wallcovering, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Allen Phillips, Judge | ) |

---

### Affirmed in Part, Reversed in Part, and Remanded

---

This interlocutory appeal concerns a discovery dispute. Approximately eight months after the employee sustained an injury at work, the employer filed a petition for benefit determination and a motion requesting the court to compel the employee to submit to a pre-mediation discovery deposition. The employer contended the deposition was needed because of disputed issues involving causation and the employee's alleged need for additional medical care. The employee objected to the deposition but expressed a willingness to submit to a one-hour deposition. The trial court decided the motion on the written materials, concluding the employer was entitled to take the employee's deposition, but limited the deposition to one hour. The employer has appealed, asserting the trial court abused its discretion in limiting the deposition to one hour. We affirm the trial court's conclusion that the employer is entitled to take the employee's deposition, reverse the trial court's one-hour limitation on the duration of the deposition, and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Peter Frech, Brentwood, Tennessee, for the employer-appellant, Saver's Painting and Wallcovering, LLC

Charles Holliday, Jackson, Tennessee, for the employee-appellee, Jeffery Tennyson

1

## Factual and Procedural Background

On August 15, 2018, Jeffery Tennyson ("Employee") suffered injuries when he fell while working as a commercial painter for Saver's Painting and Wallcovering, LLC ("Employer"). Employer accepted the claim as compensable and began providing medical benefits.[1] Employee received authorized medical care from Dr. John Brophy. On November 12, 2018, Dr. Brophy signed a Final Medical Report Form C-30A indicating that Employee had reached maximum medical improvement ("MMI") on November 7, 2018; that Employee was able to return to work without restrictions as of the date he reached MMI; that the doctor did not anticipate the need for future medical treatment for Employee's injuries; and that Employee did not sustain a permanent impairment as a result of his work-related injuries. On December 10, 2018, Dr. Samuel Chung conducted an independent medical evaluation and stated in his report that Employee retained fifteen percent impairment as a result of his work injuries.

In February 2019, Employer's attorney sent interrogatories to Employee, who had also retained an attorney. The following month, Employee's attorney advised Employer that Employee's interrogatory responses would be coming soon and that Employee was continuing to experience symptoms and wanted to return to a doctor. Following Employer's receipt of Employee's interrogatory responses in April 2019, Employer requested Employee's deposition, advising Employee's attorney that "based on Dr. Brophy's opinions, [Employer] will not consider authorizing further medical care." Employer stated that it "would like the opportunity to depose [Employee]" and requested that Employee's attorney provide available dates for Employee's deposition. Employee's attorney objected to his client being deposed before the parties engaged in mediation but agreed "to a [one] hour deposition." Employer responded on April 24, 2018 by filing a petition for benefit determination, which stated that "Employee's counsel will not allow his client to be deposed and is interfering with the discovery process." Employer filed a motion to compel discovery with its petition in which Employer requested that the trial court compel Employee "to attend a deposition upon oral examination."

In a response to Employer's motion, Employee's attorney stated that he had requested mediation in January 2019, after which he was advised of the involvement of Employer's attorney in the claim, which was followed by Employer's submission to Employee of the written discovery requests. Employee's response to the request for his deposition asserted the purpose of mediation is "to limit time and expense for both parties," and the response further stated that a deposition should not be allowed, but that "Employee stands by a willingness to submit to a limited one hour deposition for pertinent issues as may be deemed necessary by Employer's counsel."

---

[1] The trial court has not conducted an evidentiary hearing. We have gleaned the pertinent facts from the parties' pleadings, attachments to their pleadings, and their briefs on appeal.

There was no discovery plan and no scheduling order in place when the trial court ruled on Employer's motion. The court concluded that it did not need to hear arguments to decide the discovery dispute and entered an order granting Employer's motion to compel a deposition. The court limited the deposition to one hour, explaining that Employer "already has answers to its written discovery that should provide guidance for a focused examination" of Employee. Employer has appealed.

**Standard of Review**

A trial court's decision regarding pretrial discovery is discretionary and an appellate court's review of such a decision applies an "abuse of discretion" standard of review. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005); *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992); *Loveall v. Am. Honda Motor Co.*, 694 S.W.2d 937, 939 (Tenn. 1985). An abuse of discretion is found if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). "Whether a court applied an incorrect legal standard is a question of law that is reviewed de novo." *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 210 (Tenn. 2019). We are required to "review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by the evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524-25 (Tenn. 2010) (internal citations omitted). The abuse of discretion standard does not permit us to merely substitute our judgment for that of the trial court. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012).

**Analysis**

Employer raises a single issue on appeal, contending the trial court abused its discretion by limiting Employee's deposition to one hour.[2] Employer asserts that, absent an adequate showing from Employee of specific facts justifying such a limitation, the limitation was inappropriate and an abuse of the court's discretion. We agree.

When the trial court ruled on Employer's motion, the discovery process in the Court of Workers' Compensation Claims was governed by Tenn. Comp. R. & Reg. 0800-02-21-.16 (2018).[3] The regulation provided that when efforts to achieve discovery

---

[2] Whether it is appropriate for Employer to depose Employee has not been raised as an issue on appeal.

[3] The regulations were amended effective August 2019. The regulation governing the discovery process is now located at Tenn. Comp. R. & Regs. 0800-02-21-.17 (2019).

informally failed, "discovery shall be sought and effectuated in accordance with the Tennessee Rules of Civil Procedure unless these rules provide an alternate procedure." Tenn. Comp. R. & Regs. 0800-02-21-.16(1). Addressing depositions, the regulation stated that "[a]ll depositions shall be taken within the timeframe provided by the discovery plan in the scheduling order." Tenn. Comp. R. & Regs. 0800-02-21-.16(5).[4] Further, the regulation provided that depositions "may be taken on oral examination or upon written questions in the manner provided by the Tennessee Rules of Civil Procedure," and that "[n]o oral deposition shall continue for more than four (4) hours." Tenn. Comp. R. & Regs. 0800-02-21-.16(5)(a), (c).

Employee's position on appeal is that "a one hour deposition . . . is entirely appropriate under the circumstances and is in no way an abuse of discretion." We begin our analysis of whether the trial court abused its discretion in limiting the deposition to one hour with the Tennessee Rules of Civil Procedure. Rule 26.02 contemplates that a trial court may limit the *scope* of discovery and provides that the "frequency or extent" of the discovery methods

> shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or, (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

Tenn. R. Civ. P. 26.02(1).

Rule 26.03 authorizes the court in which the action is pending to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Importantly, the rule provides for such protections "[u]pon motion by a party or by the person from whom discovery is sought, and for good cause shown." Tenn. R. Civ. P. 26.03. In the instant case, Employee did not file a motion or other pleading requesting a protective order as contemplated in Rule 26.03. Rather, Employee's response to the motion to compel stated that Employer was "requesting essentially all of the same discovery methods that would take place after a claim is filed," and the response asserted "there is no legitimate basis for an open ended deposition . . . prior to a[n] initial mediation even taking place." In the trial court, Employee contended the applicable discovery regulation "dictates that discovery may not

---

[4] The regulation was amended to provide that "[a]ll depositions must be taken within the timeframe in the scheduling order, or if no scheduling order exists, within the time allowed by the Tennessee Rules of Civil Procedure."

4

take place prior to a Petition for Benefit Determination being filed." Although Employee has not filed such a petition, Employer filed a petition on April 24, 2019, simultaneously with its motion to compel discovery. Employee's response to the motion in the trial court asserted that "no deposition should be allowed," but further contended that "Employee stands by a willingness to submit to a limited one hour deposition for pertinent issues as may be deemed necessary by Employer's counsel."

Employee's response to the motion to compel discovery made no effort to show "annoyance, embarrassment, oppression, or undue burden or expense" as contemplated in Rule 26.03. The response did not suggest or show that the deposition should be limited for any of the reasons specified in Rule 26.02(1). Instead, Employee argued that permitting pre-mediation discovery was inconsistent with the general goals of the workers' compensation system. On appeal, Employee asserts "[i]t is only if a claim is not resolved [in the initial mediation stage with the Bureau] that a claim is essentially transferred to the Court of Workers' Compensation Claims," and that "[t]o allow protracted discovery even before the initial mediation takes place would defeat the entire purpose of the workers' compensation act in attempting to limit parties['] litigation costs and expenses."

Neither the Bureau's regulations addressing discovery nor the Tennessee Rules of Civil Procedure condition depositions or any other method of discovery on the parties having participated in mediation. Indeed, both the regulations in effect at the time the trial court ruled on Employer's motion to compel discovery and the regulations currently in effect provide that interrogatories may be served on any party at any time after a petition for benefit determination has been filed. The regulations do not condition the taking of depositions on the parties having participated in mediation and provide that depositions are to be taken in the manner provided by the Tennessee Rules of Civil Procedure. *See* Tenn. Comp. R. & Reg. 0800-02-21-.16(5)(a) (2016); 0800-02-21-.17(3)(a) (2019). The 2016 regulation requiring depositions to be taken within the timeframe of a scheduling order was intended to prohibit depositions from being taken after the expiration of the deadline provided in the scheduling order, which is consistent with the regulation as amended in 2019. *See* Tenn. Comp. R. & Reg. 0800-02-21-.17(3)(a) (2019) ("All depositions must be taken within the timeframe in the scheduling order, or if no scheduling order exists, within the time allowed by the Tennessee Rules of Civil Procedure."). Moreover, with certain exceptions specifically addressed in Rule 30.01, the Tennessee Rules of Civil Procedure allow depositions to be taken "[a]fter commencement of the action," and, under certain circumstances, both before an action is commenced and pending appeal. *See* Tenn. R. Civ. P. 27.01 and 27.02.

The Bureau's regulations provide a four-hour limit on the length of oral depositions. *See* Tenn. Comp. R. & Reg. 0800-02-21-.16(5)(c) (2016); 0800-02-21-.17(3)(c) (2019). In its order granting Employer's motion to compel discovery, the trial court noted that "[t]he only limitation on the length of a deposition is four hours."

Nonetheless, the court limited Employer's examination of Employee to *one* hour, stating that "[i]n so holding, the Court considers that [Employer] already has answers to its written discovery that should provide guidance for a focused examination of [Employee]." Absent specific findings by the trial court constituting "good cause shown" to protect Employee from "annoyance, embarrassment, oppression, or undue burden or expense" as contemplated in Rule 26.03, we hold that the trial court's reasoning for imposing the one hour limitation on Employee's deposition without identifying a sufficient factual basis for the limitation resulted in an injustice to Employer and constituted an abuse of the trial court's discretion.[5]

## Conclusion

We affirm the trial court's decision to allow Employer to take Employee's deposition and reverse the trial court's one-hour limit placed on the deposition. The case is remanded. Costs on appeal are taxed to Employee.

---

[5] If, as is argued by Employee, restrictions should be placed on pre-mediation discovery, it is the role of either the General Assembly to enact such restrictions or the Bureau's Administrator to promulgate rules addressing the restrictions.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD OCTOBER 1, 2019, AT NASHVILLE)

| | | |
|---|---|---|
| Jeffery Tennyson | ) | Docket No.  2019-07-0218 |
| | ) | |
| v. | ) | State File No.  62368-2018 |
| | ) | |
| Saver's Painting and | ) | |
| Wallcovering,  LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of October, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Charles L. Holliday | | | | X | chuckh@garretylaw.com ghayes@garretylaw.com |
| Jay DeGroot | | | | X | jdegroot@garretylaw.com |
| Peter Frech | | | | X | ppfrech@mijs.com |
| Christopher R. Brooks | | | | X | crbrooks@mijs.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth  M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov