FILED
Jan 22, 2024
02:43 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Daniel G. Semich, Decedent, by Dixie Semich, Surviving Spouse<br><br>v.<br><br>AT&T Services, Inc., et al.<br><br><br><br>Appeal from the Court of Workers' Compensation Claims<br>Kenneth M. Switzer, Chief Judge | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Docket No. 2021-06-0997<br><br>State File No. 33804-2021 |

---

**Affirmed and Remanded**

---

This interlocutory appeal involves the trial court's denial of the employer's motion for an extension of time to produce certain cell phone records responsive to a subpoena issued on behalf of the decedent's surviving spouse. Prior to this motion, the employer filed a motion to quash the subpoena duces tecum seeking the decedent's work and personal cell phone records. During the hearing, Employer argued the requested information was under the control of a separate corporate entity. The court denied the employer's motion to quash, noting it offered no proof in support of that assertion. The court further rejected the employer's arguments that it was unable to comply with the subpoena due to retention policies concerning text messages and lack of knowledge regarding the identity of the users of the requested cellular phone numbers. Finally, the court rejected the employer's arguments that the records were irrelevant, contained confidential information, and that the production of these records would reveal private communications. The court ordered the employer to provide the requested information by certain deadlines, and that order was not appealed. The employer later obtained two extensions of time to comply with the subpoena, ultimately filing a notice of partial compliance and another motion for an extension. The trial court denied the most recent motion, noting the previous extensions, the employer's changing position as to why it could not produce the records, and the employer's failure to provide evidence of its inability to comply. Upon careful consideration of the record, we affirm the trial court's order denying the motion for an extension of time and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

1

Adam C. Brock-Dagnan and W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, AT&T Services, Inc.

Jill T. Draughon, Nashville, Tennessee, for the appellee, Daniel G. Semich by his surviving spouse, Dixie Semich

## Factual and Procedural Background

This is the second appeal in this case concerning a dispute over discovery issues. Daniel George Semich ("Employee" or "Decedent") was working for AT&T Services, Inc. ("Employer") on April 16, 2021, when he fell from a ladder and suffered a fatal head injury. Employee's surviving spouse, Dixie Semich ("Claimant"), filed a petition for benefit determination in August 2021 seeking death benefits. Employer denied the claim, asserting that Employee's willful misconduct caused the accident. After a dispute certification notice was issued, the parties engaged in written discovery and proceeded with depositions prior to the initial scheduling hearing in October 2022.

During one such deposition, the names of other potential witnesses were discussed, and Employee subsequently sought contact information for those witnesses from Employer. After a dispute arose regarding whether Employer was required to provide personal contact information for the potential witnesses, the trial court ordered Employer to provide the information. Employer appealed, asserting the trial court made procedural errors in holding a hearing and in issuing an order concerning discovery when no motion to compel had been filed. Employer also questioned whether the court's order was in compliance with regulations applicable to the Court of Workers' Compensation Claims, whether the personal contact information of a non-party employee is discoverable, and whether it would be an abuse of discretion to allow Claimant's counsel to speak with non-managerial employees outside the presence of Employer's counsel. Upon review, we concluded there was no abuse of discretion and affirmed the trial court's order in part but modified the trial court's deadline for Employer to provide the disputed information.

On May 19, 2023, while the previous appeal was pending, Claimant's counsel issued a subpoena seeking Decedent's personal and work cell phone records.[1] Thereafter, Employer filed a motion in the trial court to quash that subpoena, arguing at the hearing that it did not have access to this information because it is a "separate division" from the entity that might have such records.[2] Following our remand of the case in the previous

---

[1] Claimant's counsel asserts she obtained information for proper service of the subpoenas directly from Employer's counsel.

[2] From our review of the record, the nature of the business relationship between Employer, AT&T Services, Inc., and other AT&T business entities remains unclear. To date, Employer has offered no evidence concerning such business entities and/or the name of the precise entity that maintains cell phone records of

appeal, the court denied Employer's motion to quash, noting it offered no proof of the purported separation between it and whoever has access and controls the records. The court also noted that counsel for Claimant had received an invoice from Employer for the production of such records despite Claimant's counsel not having received them. The court rejected Employer's arguments that it was unable to comply with the subpoena due to retention policies related to text messages and because it did not know the identities of the individuals who utilized the cellular phone numbers in question.[3] The court also rejected Employer's assertion that the records were irrelevant and contained confidential information and that the production of these records would reveal private communications, observing that the "stakes are high" in this "contentious" death case. It determined that the phone records Claimant sought, including possible communications between Decedent and a supervisor prior to the accident, were "relevant to show the circumstances leading up to the injury that resulted in his death and [Employer's] defense." Further, the court determined that Claimant "has stepped into her deceased husband's shoes and is essentially asking on his behalf for his own records. She is waiving any privacy interest she might have." The court ordered Employer to provide the requested information by July 28 and set a scheduling hearing for August 31.[4] This order was not appealed.

Thereafter, at the August 31 hearing, the parties notified the court that Claimant's attorney had agreed to an extension of time for Employer to comply with the court's order.[5] During this hearing, counsel for Employer advised that he had discussed the issues with other AT&T attorneys who had expressed "serious privacy concerns" with the request for the personal cell phone records sought by Claimant. As a result, he informed Claimant's counsel that she would need to contact "Asset Protection," which is apparently a division of an AT&T business entity, so that they could "verify the individual seeking the information is entitled to it."[6] In response, Claimant argued that the subpoena was

---

AT&T customers. Employer has, to date, failed to offer any evidence concerning whether it has access to the personal cell phone records of its employees.

[3] In Claimant's response to Employer's motion to quash the subpoena duces tecum, she argued that counsel for Employer had already been informed that both phone numbers assigned to the data in question belonged to Decedent. In its order, the court also noted that counsel for Claimant asserts she informed Employer of this fact three weeks before it filed the motion to quash, "which squarely refutes [Employer's] written motion and oral arguments."

[4] In its order, the trial court noted that Employer offered no proof as to why the production of these records is "unduly burdensome" or impossible. The order also noted that "[Employer's] counsel suggests that one day of records for the work phone alone would be reasonable. This fact and argument suggest that the requested information is readily available to [Employer], contrary to counsel's assertions."

[5] The trial court noted that while Claimant's counsel had agreed to an extension, the trial court was not timely informed of the agreement and was not asked for its consent in light of its previous order.

[6] Regarding the work phone records, Employer claimed it was attempting to pull the SIM cards to extract the requested information and was attempting to see if the "phone logs still exist."

sufficient for Employer to provide the information requested. Employer contended that "Asset Protection" personnel needed something "showing [Claimant] had stepped into [decedent's] shoes."

In an order filed after the August 31 status hearing, the trial court noted that Employer already had in its possession a previous court order that "literally reads, '[Claimant] has stepped into [Decedent's] shoes.'" The court determined Employer had failed to obey a discovery order and that its failure was "not substantially justified." The court referred Employer for penalties and ordered Employer to comply with the subpoena on or before September 15.

On September 15, Employer filed a Notice of Compliance and Request for Extension. In its motion, Employer confirmed that it had produced Decedent's work phone records for the applicable dates. However, Employer reported that it continued to have "red tape" to cut through in attempting to obtain Decedent's personal cell phone records and requested a two-week extension to obtain them. On September 28, the trial court issued an order awarding attorney's fees to Claimant and granting Employer's request for an extension, stipulating that Employer "must comply with the order enforcing the subpoenaed records from [Decedent's] personal cell phone on or before September 29."

On September 29, Employer filed another motion for an extension, asserting it did not have access to Decedent's personal cell phone records and that it was not the appropriate entity to produce such information. Instead, Employer asserted it had "reason to believe" that "AT&T Corporate/Communications, through its Asset Protection Team, is the entity with access to [Decedent's] cellphone records." Employer further asserted it could not produce these records because it did not keep or have access to such records in its usual course of business. It reiterated that it had provided Claimant's counsel with the means to obtain the requested information. As a result, Employer sought an extension until Claimant's counsel could provide notice that she had obtained Employee's personal cell phone records from the proper entity.

Claimant filed a response in opposition to Employer's motion and noted that the subpoenas were issued on May 19, 2023, only after Employer provided Claimant with information on "who and where to issue the subpoenas." Further, Claimant noted that Employer had already filed a motion to quash and several requests for extensions, despite the court's order. In its reply, Employer argued that it does not possess Decedent's personal cell phone records and "it is Employer's belief that the Estate served the improper party regarding the production of records."

Following a hearing, the court issued an order in which it noted that Employer had not "supported its contention that it cannot comply with the subpoena with any proof whatsoever." The court referenced Employer's motion to quash the subpoena, noting that Employer did not argue lack of access to the information but rather asserted that the

information sought was irrelevant and unduly burdensome. The court observed that this would imply that Employer had access to the information. The court further noted that Claimant's counsel obtained information for proper service of the subpoenas directly from Employer's counsel, "suggesting it had access [to the records]." Consequently, the court noted it did "not find this abrupt change in [Employer's] position credible" and denied its motion for an extension of time. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). A trial court's decisions regarding pre-trial discovery are reviewed under an abuse-of-discretion standard. *See, e.g.*, *Bellsouth Telecoms. v. Howard*, No. M2019-00788-WC-R3-WC, 2013 Tenn. LEXIS 343, at *7 (Tenn. Workers' Comp. Panel Apr. 11, 2013). The interpretation and application of statutes and rules are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

The appellant raises several issues on appeal, which we have consolidated and restated as follows: (1) whether the trial court abused its discretion by denying Employer's motion for an extension of time; (2) whether the trial court erred by imposing an evidentiary burden on Employer to demonstrate an inability to access Decedent's personal cell phone records; (3) whether the trial court erred by concluding Employer failed to comply with its previous order; and (4) whether the trial judge's conduct demonstrates a level of partiality that necessitates recusal under the Code of Judicial Conduct.

*Denial of Employer's Motion for an Extension*

Employer argues that the trial court abused its discretion by denying Employer's motion for an extension after it "erroneously concluded that Employer has access to [Decedent's] personal cellphone records." In support of this contention, Employer asserts that it and AT&T, Inc. are distinct and wholly separate legal entities. Employer further contends that because it is an "affiliate" of AT&T, Inc. under the parent company's corporate umbrella, it does not have access to the same information as the parent company, and it cannot force AT&T, Inc. to comply with Claimant's subpoena for personal cell phone records because it does not control AT&T, Inc. In sum, Employer argues that the trial court's orders demand the impossible: it cannot produce something it does not have

5

and cannot get, and the trial court erred by concluding it had access to this information and by ordering its production.

Claimant asserts that it was Employer who provided instructions for serving the subpoenas for Decedent's work and personal cell phone records. In addition, Claimant contends that Employer's motion to quash the subpoenas indicates that it "had control/authority over the subpoenas issued for the cell phone records." Further, Claimant states that Employer's previous arguments – including privacy concerns, relevance of the information sought, the need for Claimant to establish she was entitled to obtain the requested information, and Employer's representation that it had "red tape" to go through before it could produce the information requested – all imply that Employer had access to these records.[7]

A trial court's decisions regarding pretrial discovery are discretionary, and an appellate court's review of such a decision applies an "abuse of discretion" standard of review. *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005); *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992); *Loveall v. Am. Honda Motor Co.*, 694 S.W.2d 937, 939 (Tenn. 1985). An abuse of discretion is found if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). "Whether a court applied an incorrect legal standard is a question of law that is reviewed de novo." *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 210 (Tenn. 2019).

As the Tennessee Court of Appeals has explained in addressing an appellate court's review under this standard:

> We do not second-guess the court below or substitute [our] discretion for the lower court's. Instead, we consider (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. We uphold the trial court's ruling as long as reasonable minds can disagree as to [the] propriety of the decision made.

*Plofchan v. Hughey*, No. M2021-00853-COA-R3-CV, 2024 Tenn. App. LEXIS 6, at *10-11 (Tenn. Ct. App. Jan. 5, 2023) (internal citations and quotation marks omitted).

---

[7] Claimant also notes that Employer did not appeal the court's initial order requiring it to provide the records.

In its brief on appeal, Employer contends "there is nothing in the record that supports the Trial Court's conclusion that Employer has access to [Decedent's] personal cellphone records." However, the record reveals that Employer's counsel made various representations to the court and to opposing counsel over the course of several hearings implying that its refusal to provide the records was not based on lack of access to the requested information but on other objections. As noted above, Employer's motion to quash the subpoena duces tecum set forth reasons why it should not have to produce the requested information, including the arguments that "the subpoena request has no importance or stake in the litigation; moreover, the request lacks relevancy, is too intrusive, and impossible to comply with."[8] In its order, the court noted that, during the hearing on Employer's most recent motion, Employer "contended it does not have access to the requested information because it is a 'separate division' from the entity that might have the records." However, Employer offered no affidavit or other evidence to establish this fact, and the court ultimately ordered Employer to provide the subpoenaed information to claimant on or before July 28. Significantly, Employer did not appeal this order.

At the August 31 status hearing, which addressed another motion for an extension, counsel for Employer stated he had had "numerous discussions" with other AT&T attorneys about the request and that they had expressed "serious privacy concerns." Employer informed Claimant's counsel that she needed to contact "Asset Protection" so that appropriate AT&T personnel could confirm she is entitled to the information. On September 5, the court once again noted that Employer failed to support its factual assertions with an affidavit or other evidence and ordered compliance with its previous order by September 15. Finally, Employer requested another extension and made representations to the court that it had additional "red tape" to cut through to obtain Decedent's personal cell phone records, again implying that it could, ultimately, access the information.

It is clear from our review of the record that Employer's counsel made both oral and written representations to the court and opposing counsel that he was attempting to obtain information responsive to the subpoena duces tecum. Further, Employer continued to file motions for extensions of time to obtain information it now claims it cannot access. Although counsel for Employer eventually conceded to the court that he and his client "mistakenly believed" they could obtain Decedent's personal cell phone records, it has provided no evidence of its inability to access this information.[9] Although a party cannot

---

[8] The trial court's order on the motion to quash was not appealed, and there is no indication in the technical record that Employer asserted the "impossible" nature of compliance was based on a lack of access to the records themselves.

[9] Attorneys must balance their obligation to zealously represent their clients with their duty of candor to the court. *See, e.g.*, *Harris v. Bd. of Prof'l Responsibility of the Supreme Court of Tenn.*, 645 S.W.3d 125, 139 (Tenn. 2022) (the duty of candor "requires attorneys [to] be honest and forthright with courts"); *In re T.B.L.*,

provide information that it does not have and cannot get, there is no evidence in the record to date that those circumstances exist in the present case. Counsel for Employer indicates he cannot provide it because the subpoena is addressed to the wrong entity, but he has not filed a new motion to quash on these grounds and has not provided to the court the name of the business entity to which a subpoena should be addressed. Furthermore, as stated previously, it was Employer's counsel who initially provided the address for the subpoena seeking Employee's personal cell phone records. Based on the totality of the record, including representations made by counsel for Employer, we cannot conclude the trial court abused its discretion in denying Employer's most recent request for an extension of time.

*Evidentiary Burden*

Employer next argues the trial court erred by imposing an evidentiary burden on Employer to demonstrate an inability to access Decedent's personal cell phone records. In its brief on appeal, Employer argues it had informed the trial court that it had produced all responsive materials in its possession. However, "rather than taking Employer's statement as true [the trial court] somehow determined that its argument/position was 'not believable.'"[10] Thus, Employer asserts the Court erred in expecting evidence in support of Employer's position that it could not provide these records. It further argues that the Tennessee Rules of Civil Procedure, "in the context of a subpoena, do not require the responding party to 'prove' that it cannot produce some of the materials requested."

As outlined above, the record clearly shows that Employer's counsel made multiple, and seemingly contradictory, representations to the court in various written documents and during various hearings, implying Employer either had access to or was attempting to obtain information responsive to Claimant's subpoena. In the most recent October order, for example, the court noted:

> Moreover, the Court cannot ignore that at the July hearing, [Employer] implied it had access to personal records but argued against producing them on other grounds (relevance, privacy, non-existence, etc.). [Employer's] lawyer had instructed [Claimant's] attorney on where to serve the subpoena, suggesting it had access. Once the myriad of arguments raised in July were

No. M2005-02413-COA-R3-PT, 2006 Tenn. App. LEXIS 366, at *6 n.3 ("Candor is not inconsistent with zealous advocacy.").

[10] Statements of an attorney are not evidence. *Goree v. UPS*, 490 S.W.3d 413, 454 n.23 (Tenn. Ct. App. 2015) ("Of course, statements in briefs and statements of attorneys are no substitute for evidence in the record."). In circumstances where an attorney makes one or more errors in his or her statements to a court, it is the attorney's obligation to correct such errors as expeditiously as possible. Here, if Employer's counsel erred in any of his statements to the court regarding his client's access to the requested information, it is his duty to correct that error and provide whatever evidence supports his explanation of the error.

8

unsuccessful, [Employer] says it does not have access to the records and couches its motion in terms of what it "believes."

In the context of this history, the court concluded that Employer's "abrupt change" in position was not credible, "given the history of obstruction at every turn in this case." Moreover, the court noted that, in its July order, it had "explicitly found" that Employer offered no affidavit or other proof in support of "the purported separation between it and whoever has access and control of the records."[11] In these circumstances, we conclude the court did not err in noting the lack of evidence supporting Employer's assertion that these records are maintained by a separate legal entity and are inaccessible to Employer.

*Compliance with Previous Order*

Employer next asserts that "because the trial court's decision to deny Employer's request is premised on a clearly erroneous assessment of the evidence, the trial court abused its discretion." Yet, as noted above, this record is devoid of any actual evidence addressing Employer's alleged lack of access to the records in question, and an attorney's representations to a court are not evidence. Here, Employer merely reiterates its position that it has complied with the subpoena duces tecum in producing all responsive documents within its possession. Given our previous conclusion that the trial court did not err in noting the lack of evidence supporting Employer's position as to the issue of access to the records in question, we conclude this issue is pretermitted.

*Request for Recusal*

Finally, Employer argues that the trial judge "made comments that constitute a reasonable basis for questioning his impartiality . . . [and] should have recused himself." Yet, Employer has not filed a motion for recusal. *See* Tenn. Comp. R. & Regs. 0800-01-21-.18(4) ("Any party seeking disqualification or recusal of a judge must do so by timely filing a written motion."). This issue has not been presented to the trial court, and, obviously, the trial court has had no opportunity to address it in the first instance. A statement in a notice of appeal or brief is not sufficient to seek recusal of a trial judge. We therefore conclude this issue is not properly before us.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order and remand the case. Costs on appeal are taxed to Employer.

---

[11] In its order, the court stated that "case law confirms *the occasional necessity of proof* to support an argument when seeking relief through motion practice." (Emphasis added.) As we have noted previously, a court's factual findings, whether at an interlocutory hearing or a compensation hearing, must be based on evidence in the record. *See* Tenn. Code Ann. § 50-6-239(c)(7); *Jones v. Transforce, Inc.*, No. 2022-08-0248, 2023 TN Wrk. Comp. App. Bd. LEXIS 43, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 31, 2023).



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

Daniel G. Semich, Decedent,       )    Docket No. 2021-06-0997
by Dixie Semich, Surviving Spouse   )
                               )    State File No. 33804-2021
v.                                   )
                               )
AT&T Services, Inc., et al.         )
                               )
                               )
Appeal from the Court of Workers'  )
Compensation Claims           )
Kenneth M. Switzer, Chief Judge   )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 22nd day of January, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|------|---------|---------|-----|-------|----------|
| W. Troy Hart<br>Adam C. Brock-Dagnan | | | | X | wth@mijs.com<br>acbrock-dagnan@mijs.com |
| Jill Draughon | | | | X | jdraughon@hughesandcoleman.com<br>sconner@hughesandcoleman.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov